UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JASMINE GRACE-LOUISE EDWARDS,

                              Plaintiff,
                                                              5:19-cv-0923
v.                                                            (BKS/TWD)

CHRISTOPHER MONTGOMERY,

                              Defendant.
_____

JASMINE GRACE-LOUISE EDWARDS, Plaintiff

THÉRÈSE WILEY DANCKS, United States Magistrate Judge

## ORDER AND REPORT-RECOMMENDATION

The Clerk has sent to the Court for review a complaint, together with an application to

proceed *in forma pauperis* ("IFP Application"), filed by *pro se* Plaintiff Jasmine Grace-Louise

Edwards ("Plaintiff" or "Edwards").  (Dkt. Nos. 1, 5.)

**I.      IFP APPLICATION**

A court may grant *in forma pauperis* status if a party "is unable to pay" the standard fee

for commencing an action.  28 U.S.C. § 1915(a)(1).  After reviewing Plaintiff's IFP Application

(Dkt. No. 5), the Court finds she meets this standard.  Therefore, her IFP Application is granted.

**II.     SCREENING OF THE COMPLAINT**

Having found Plaintiff meets the financial criteria for commencing this action *in forma*

*pauperis*, the sufficiency of the allegations set forth in her complaint must be considered in light

of 28 U.S.C. § 1915(e).  Section 1915(e) directs that when a plaintiff proceeds *in forma pauperis*,

"the court shall dismiss the case at any time if the court determines . . . the action . . . (i) is

frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks

monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

In determining whether an action is frivolous, the court must look to see whether the complaint lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). "An action is frivolous when either: (1) the factual contentions are clearly baseless such as when the claims are the product of delusion or fantasy; or (2) the claim is based on an indisputably meritless legal theory." *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) (citation omitted). Although extreme caution should be exercised in ordering sua sponte dismissal of a pro se complaint before the adverse party has been served and the parties have had an opportunity to respond, *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983), the court still has a responsibility to determine that a claim is not frivolous before permitting a plaintiff to proceed. *See, e.g.*, *Thomas v. Scully*, 943 F.2d 259, 260 (2d Cir. 1991) (per curiam) (holding a district court has the power to dismiss a complaint sua sponte if the complaint is frivolous).

To survive dismissal for failure to state a claim, a complaint must plead enough facts to state a claim that is "plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While Rule 8(a) of the Federal Rules of Civil Procedure, which sets forth the general rules of pleading, "does not require detailed factual allegations, . . . it demands more than an unadorned, the-defendant-harmed-me accusation." *Id*.

In determining whether a complaint states a claim upon which relief may be granted, "the court must accept the material facts alleged in the complaint as true and construe all reasonable

inferences in the plaintiff's favor." *Hernandez v. Coughlin*, 18 F.3d 133, 136 (2d Cir.), *cert. denied,* 513 U.S. 836 (1994) (citation omitted). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. Similarly, allegations that "are so vague as to fail to give the defendants adequate notice of the claims against them" are subject to dismissal. *Sheehy v. Brown*, 335 F. App'x 102, 104 (2d Cir. 2009).

Where a plaintiff proceeds *pro se*, the pleadings must be read liberally and construed to raise the strongest arguments they suggest. *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008) (citation omitted). Moreover, a court should not dismiss a *pro se* complaint "without giving leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999) (citation and internal quotation marks omitted). However, an opportunity to amend is not required where "the problem with [the plaintiff's] causes of action is substantive" such that "better pleading will not cure it." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

## III.    SUMMARY OF THE COMPLAINT

Plaintiff brings this action for "controversies of faulty products" against Defendant Christopher Montgomery ("Defendant" or "Montgomery"). (Dkt. No. 1 at 1.[1]) Plaintiff states Defendant is "a staff assistant/student personnel" at the State University of New York ("SUNY")

---

[1]  Page references to documents identified by docket number refer to the numbers assigned by the CM/ECF docketing system maintained by the Clerk's Office. Unless noted, excerpts from the record are reproduced exactly as they appear in the original and errors in spelling, punctuation, and grammar have not been corrected.

Educational Opportunity Center ("EOC"), located in Syracuse, New York.  *Id.*[2]  According to a publicly available website, SUNY operates EOCs across the state as a free service to adult learners who meet certain eligibility requirements.  *See* http://www.suny.edu/features/eoc (last visited Sept. 26, 2019).

Plaintiff attended SUNY EOC Syracuse in December of 2016.  (Dkt. No. 1 at 1-2.) Defendant was Plaintiff's "clinical health training student personell."  *Id.* at 2.  "During training Defendant readvised the clinical health training system outlines directly towards Plaintiff stating that [her] training was not legit and that there was no one available to review [her] training after the initial acceptance into the training program."  *Id.*  Thereafter, Defendant "advised" Plaintiff that she was "released" from the "program" and "signed a completion certificate as a program coordinator on December 9, 2016."  *Id.*  However, Defendant "neglected to have [her] perform the systematic authority relationship for the outlining advised training course."  *Id.*

---

[2]  The Court takes judicial notice of Plaintiff's civil rights action, brought pursuant to 42 U.S.C. § 1983, captioned *Edwards v. Penix*, No. 5:18-CV-1287 (DNH/ATB), filed in this District on November 2, 2018.  There, Edwards alleged Montgomery and Tim Penix, Vice President of SUNY EOC at Syracuse, violated her rights under the First and Fourteenth Amendments to the U.S. Constitution while she was enrolled in the clinical health training program in December of 2016.  *See Edwards v. Penix*, No. 5:18-CV-1287 (DNH/ATB) (Dkt. No. 1).  On July 24, 2019, the Hon. David N. Hurd, U.S. District Judge, granted the defendants' Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief may be granted.  *Id.*, Dkt. No. 19.  Judge Hurd dismissed the complaint without leave to amend because her pleadings failed to give any indication that she could state a plausible § 1983 claim against either Montgomery or Penix.  *Id.* at 13, 15.  Consequently, the District Court declined to exercise supplemental jurisdiction over any state law claim that might be found in her pleading, including references to "New York Education Law" and "Public Health Law," as well as more generalized references to "emotional distress," "fraud," and "education disruption."  *Id.* at 14.  Accordingly, those claims were dismissed without prejudice to renew in an appropriate state forum.  *Id.*  Five days later, on July 29, 2019, Plaintiff commenced the present action.  *See Edwards v. Montgomery*, No. 5:19-cv-00923 (BKS/TWD) (Dkt. No. 1).

On December 12, 2016, Defendant "did not refer Plaintiff as a candidate of his class to interview with potential training employers." *Id*. He had a "security guard remove Plaintiff from the training course and from the building." *Id*. at 3.

Then, in January of 2018, Plaintiff received a voicemail from Defendant "stating that employers were calling him asking why [Plaintiff] was not on the training list and he informed [Plaintiff] that she needed to stop calling his employers harassing them about training [she] was not qualified for." *Id*.

Plaintiff "believes that the strain Defendant caused by his accusations made tensions of emotional and mental injuries to her causing damage to the body[.]" *Id*. She is "seeking fault responsibility of product liability from the producings of the distribution and supplyings of the legal liability of the training course products and the causes of injuries by Defendant's forced authority." *Id*. "Plaintiff cannot think as clearly as she did when pursing training with the intent to become an affective graduate performing the needs of the outline criteria." *Id*. "Instead [she] now dwindles the trauma that if the course online were more effective with the guidelines legally the production of Plaintiff's training would have taken more effectively on the agenda of responsibilities." *Id*. at 4.

Plaintiff "is also suffering a personal injury from the damage of Defendant's illegible signature upon her completion certificate" and because he issued the certificate "before a completion of the full course." *Id*. She was "strained by Defendant by having to watch all other student receive the completion certificate the following week when the actual course allowed for student to meet protentional employers for interviews for training." *Id*. at 4-5. Further, her "memory has been devastated with strain." *Id*. at 5. According to Plaintiff:

> When Defendant's actions were confronted by Plaintiff numerous
> times, the systematic authority of SUNY EOC Syracuse

> responsibilities were initiated and the inactions of Department
> regulation of guidlines and policies were not in effect towards the
> relationship of the responsibilities of the courses products
> liabilities putting a strain on Plaintiff's accusations and personal
> injuries—mental and emotional clarity is withheld from the taken
> production of services of the relationship.

*Id.* As relief, Plaintiff seeks significant monetary damages and "the right to confront the

disagreement of SUNY EOC Syracuse contract obligations performances relationship production

of services." *Id.* at 6. For a complete statement, reference is made to the complaint.

The civil cover sheet states Plaintiff is bringing this action pursuant to "federal question

jurisdiction" and has checked "environmental matters" as the nature of the suit. (Dkt. No. 1-1.[3])

Her causes of actions are listed as "human rights" and "negligence." *Id.*

## IV. SUBJECT MATTER JURISDICTION

Federal district courts are courts of limited jurisdiction and may not hear a case absent

subject matter jurisdiction. *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552

(2005); *Frontera Res. Azer. Corp. v. State Oil Co. of Azer. Republic*, 582 F.3d 393, 397 (2d Cir.

2009); *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978). The requirement of

subject matter jurisdiction cannot be waived, *United States v. Cotton*, 535 U.S. 625, 630 (2002),

and its absence may be raised at any time by a party or by the court *sua sponte*. *See Henderson*

*ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434 (2011) ("[F]ederal courts have an independent

---

[3] The Court takes judicial notice of the "Civil Nature of Suit Code Descriptions." *See* https://www.uscourts.gov/sites/default/files/js_044_code_descriptions.pdf (last visited Sept. 26, 2019). "Code 893" under "Other Statutes" describes "Environmental Matters" as an action "filed under Air Pollution Control Act 42:1857-57L, Clean Air Act 42:1857:57L, Federal Environment Pesticide Control Act, Federal Insecticide, Fungicide & Rodenticide Act 7:135, Federal Water Pollution Control Act 33:1151 *et seq.*, Land & Water Conservation Fund Act 16:4602,460 1-4, Motor Vehicle Air Pollution Control Act 42:1857F-1-8, National Environmental Policy Act 42:4321, 4331-35G, 4341-47, River & Harbor Act penalty 3:401-437, 1251." *Id.*

obligation to ensure that they do not exceed the scope of their jurisdiction, and therefore they must raise and decide jurisdictional questions that the parties either overlook or elect not to press."). When a court lacks subject matter jurisdiction, dismissal is mandatory. *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006); *see also* Fed. R. Civ. P. 12(h)(3).

The basic statutory grants of subject matter jurisdiction are embodied in 28 U.S.C. §§ 1331 and 1332. Federal question jurisdiction provides a basis for jurisdiction when the plaintiff brings a civil action that arises "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331; *see Arbaugh*, 546 U.S. at 513 ("A plaintiff properly invokes § 1331 jurisdiction when she pleads a colorable claim 'arising under' the Constitution or laws of the United States."). Diversity jurisdiction is present when an action is between citizens of different states, and when the amount in controversy is in excess of $75,000.00. 28 U.S.C. § 1332(a)(1).

Here, even liberally construed, the allegations in the complaint do not suggest any claims "arising under the Constitution, laws, or treaties of the United States" and, therefore, the Court does not have federal question jurisdiction over the action. *See* 28 U.S.C. § 1331. "And, the Court knows of no legal theory that would provide relief to Plaintiff under any federal law under the circumstances alleged in the complaint." *Milgros Castro v. Abhi Realty*, 18-CV-7093(JS)(SIL), 2019 WL 2870065, at *3 (E.D.N.Y. July 2, 2109) (*sua sponte* dismissing the complaint without prejudice for lack of subject matter jurisdiction).

While difficult to discern, Plaintiff's claims against Defendant, if any, arise under state law. *See, e.g.*, *Passero v. Schulz*, No. 1:17-CV-1296 (TJM/CFH), 2018 WL 2926292, at *4 (N.D.N.Y. Feb. 1, 2018) (identifying the plaintiff's negligence claim as arising under state, not federal, law), *report and recommendation adopted by* 2018 WL 2926295 (N.D.N.Y. June 7, 2018); *Partee v. City of Syracuse*, No. 5:19-CV-0417 (TJM/DEP), 2019 WL 2617901, at *9

(N.D.N.Y. May 23, 2019) (identifying the plaintiff's intentional infliction of emotional distress cause of action as a New York common law claim), *report-recommendation adopted by* 2019 WL 2616954 (June 26, 2019); *Butler v. Geico General Ins. Co.*, No. 1:18-CV-1493 (GLS/DJS), 2019 WL 330591, at *2 (N.D.N.Y. Jan. 25, 2019) (stating breach of contract claim arises under state, not federal law), *report and recommendation adopted by* 2019 WL 652197 (N.D.N.Y. Feb. 15, 2019); *Banks v. Medical Society of New York*, No. 14-CV-4789(JG)(VMS), 2014 WL 6788202, at *2 (E.D.N.Y. Dec. 2, 2014) (identifying the plaintiff's products liability claim as a arising under state common law); *Steele v. Zhejiang Hushai Pharmaceutical Co. Ltd.*, No. 19-CV-4106 (JGK), 2019 W: 2357538, at *1 (S.D.N.Y. June 3, 2019) (same). Thus, despite her assertions in the civil cover sheet, Plaintiff has failed to properly invoke the Court's federal question subject matter jurisdiction.

Given Plaintiff's *pro se* status, the Court has also considered whether this Court's diversity jurisdiction may be invoked. 28 U.S.C. § 1332. However, this case lacks complete diversity because Defendant is alleged to be a citizen of New York, the same state as Plaintiff. (*See* Dkt. No. 1-1.)

In light of the foregoing, this Court lacks subject matter jurisdiction to adjudicate Plaintiff's claims. Although courts hold *pro se* complaints "to less stringent standards than formal pleadings drafted by lawyers," *Hughes v. Rowe*, 449 U.S. 5, 9 (1980), *pro se* litigants still must establish subject matter jurisdiction to avoid dismissal. *See, e.g.*, *Rene v. Citibank N.A.*, 32 F. Supp. 2d 539, 541-42 (E.D.N.Y. 1999) (dismissing *pro se* complaint for lack of subject matter jurisdiction). Accordingly, the Court recommends dismissing Plaintiff's complaint without

prejudice for lack of subject matter jurisdiction.  *See Hollander v. Garrett*, 710 F. App'x 35, 36 (2d Cir. 2018) (holding dismissal for subject matter jurisdiction must be without prejudice).[4]

## V.    LEAVE TO AMEND

Ordinarily, given Plaintiff's *pro se* status, the Court would recommend that she be given an opportunity to amend prior to an outright dismissal.  *See Cuoco*, 222 F.3d at 112.  However, an opportunity to amend is not required where "the problem with [the plaintiff's] causes of action is substantive" such that "better pleading will not cure it."  *Id.*

Because lack of subject matter jurisdiction is a substantive defect, *Deul v. Dalton*, No. 1:11-CV-0637, 2012 WL 235523, at *8 n.19 (N.D.N.Y. Jan. 25, 2012), the Court recommends dismissal without leave to amend.  *See, e.g.*, *Edwards v. Dunn*, No. 5:19-cv-01118 (GTS/ATB) (Dkt. No. 4) (recommending *sua sponte* dismissal of Plaintiff's complaint without prejudice for lack of subject matter jurisdiction, but without the opportunity for amendment[5]); *Scott v. Mullolly, Jeffery, Rooney, & Flynn LLP*, No. 8:19-CV-488 (TJM/CFH), 2019 WL 1934419, at *3 (N.D.N.Y. May 1, 2019) (recommending *sua sponte* dismissal of the complaint for lack of subject matter without leave to amend), *report-recommendation adopted by* 2019 WL 3890995 (N.D.N.Y. Aug. 19, 2019); *Milgros Castro*, 2019 WL 2870065, at *3 (E.D.N.Y. July 2, 2019)

---

[4]  Because the Court is recommending dismissal without prejudice, Plaintiff may pursue any state law claims she may have against Defendant in state court.  The Court expresses no opinion on whether Plaintiff will be able to successfully commence an action in state court.

[5]  The Court takes judicial notice of Plaintiff's other action currently pending in this District captioned *Edwards v. Dunn*, No. 5:19-cv-01118 (GTS/ATB), filed September 10, 2019.  As noted by the Hon. Andrew T. Baxter, United States Magistrate Judge, Plaintiff is a frequent litigator in federal court, whose other cases have been dismissed for lack of subject matter jurisdiction and/or failure to state a claim upon which relief may be granted, some, notwithstanding the opportunity for amendment.  *Edwards v. Dunn*, No. 5:19-CV-01118 (GTS/ATB) (Dkt. No. 4 at 9 n.3) (citing *Edwards v. Simpson*, No. 5:18-CV-1286 (GLS/TWD), *Edwards v. Conte*, No. 5:18-CV-1216 (LEK/ATB), *Edwards v. Walsh*, No. 5:18-CV-1155 (GLS/TWD), and *Edwards v. Penix*, No. 5:18-CV-1287 (DNH/ATB)).

(*sua sponte* dismissing the complaint without prejudice for lack of subject matter jurisdiction and without leave to amend "[b]ecuase the defects in [the plaintiff's] claims are substantive and would not be cured if afforded an opportunity to amend); *Banks v. Constantine*, No. 12-CV-3239 (JG)(RER), 2012 WL 2803616, at *2 (E.D.N.Y. July 10, 2012) ("Because the defects in subject-matter jurisdiction do not appear to be curable, the complaint is dismissed without leave to amend."); *see also Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993) ("Where it appears that granting leave to amend is unlikely to be productive, . . . it is not an abuse of discretion to deny leave to amend.").

**ACCORDINGLY**, it is

**ORDERED** that Plaintiff's IFP Application (Dkt. No. 5) is **GRANTED** solely for purposes of initial review; and it is further

**RECOMMENDED** that Plaintiff's complaint (Dkt. No. 1) be **SUA SPONTE DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction and **WITHOUT LEAVE TO AMEND**, and it is further

**ORDERED** that the Clerk provide Plaintiff with a copy of this Order and Report-Recommendation, along with a copy of the unpublished decision cited herein in accordance with the Second Circuit decision in *Lebron v. Sanders*, 557 F.3d 76 (2d Cir. 2009) (per curiam).

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen days within which to file written objections to the foregoing report.[6] Such objections shall be filed with the Clerk of the

---

[6] If you are proceeding *pro se* and are served with this Order and Report-Recommendation by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the Order and Report-Recommendation was mailed to you to serve and file objections. Fed. R. Civ. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. Fed. R. Civ. 6(a)(1)(C).

Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW**.  *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1) (Supp. 2013); Fed. R. Civ. P. 72, 6(a).

Dated: October 1, 2019
      Syracuse, New York

                                          Thérèse Wiley Dancks
                                          United States Magistrate Judge

2019 WL 2870065
Only the Westlaw citation is currently available.
United States District Court, E.D. New York.

Carmen MILGROS CASTRO, Plaintiff,

v.

ABHI REALTY, Shah Hintendria, Defendants.

18-CV-7093(JS)(SIL)
|
Signed 07/02/2019

**Attorneys and Law Firms**

For Plaintiff: Carmen Milgros Castro, pro se, 685 Broadway, Apt. A, Massapequa, New York 11758.

For Defendants: No appearance.

MEMORANDUM & ORDER

SEYBERT, District Judge:

**\*1** On December 10, 2018, pro se plaintiff Carmen Milagros Castro ("Plaintiff") filed a Complaint in this Court against Abhi Realty and Shah Hintendria ("Hintendria" and together, "Defendants") pursuant to the New York State Human Rights Law, N.Y. Executive Law § 296. (See Compl., Docket Entry 1.) Accompanying the Complaint is an application to proceed in forma pauperis. (See IFP Mot., Docket Entry 2.)

On January 22, 2019, Plaintiff filed an Amended Complaint. (Am. Compl., Docket Entry 7.) The Amended Complaint appears to be identical to the original Complaint with the exception of the place of Hintendria's citizenship. (Compare Compl. ¶ II.B.2.a. with Am. Compl. ¶ II.B.2.a.) Upon review of the application to proceed in forma pauperis, the Court finds that Plaintiff is qualified to commence this action without prepayment of the filing fee. See 28 U.S.C. § 1915(a) (1). Therefore, Plaintiff's request to proceed in forma pauperis is GRANTED. However, because the Court lacks subject matter jurisdiction, the Amended Complaint is DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. § 1915(e)(2) (B)(ii) and FED. R. CIV. P. 12(h)(3).

BACKGROUND [1]

[1]   All material allegations in the Complaint and are presumed to be true for the purpose of this Memorandum and Order. Rogers v. City of Troy, N.Y., 148 F.3d 52, 58 (2d Cir. 1998) (in reviewing a pro se complaint for sua sponte dismissal, a court is required to accept the material allegations in the complaint as true). Excerpts from the Complaint are reproduced here exactly as they appear in the original. Errors in spelling, punctuation, and grammar have not been corrected or noted.

Plaintiff's Amended Complaint is submitted on the Court's general complaint form and is brief. Plaintiff alleges that she resides in Massapequa, New York, and that Abhi Realty is incorporated under the laws of the State of New York and Hintendria is a resident of Syosset, New York, and is a citizen of India. (Am. Compl. ¶¶ I.A.-B., II.B.2.) Although Plaintiff has not checked either box on the form Complaint to allege the basis of this Court's subject matter jurisdiction, in the space on the form that calls for the "specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case," Plaintiff wrote: "New York State Human Rights Law (Executive Law, Article 15) Section 296)." (Am. Compl. ¶ II.A.) Plaintiff has also responded to the questions on the form to allege that this Court's subject matter jurisdiction is invoked because the parties' citizenship is diverse. (Am. Compl. ¶ II.B.) Plaintiff does not include a sum in the space that calls for the amount in controversy. (Am. Compl. ¶ II.B.3.) Rather, Plaintiff alleges:

> My human rights have been violated due to safety in a resident unit that was not legal at the time I signed my lease. It is not currently considered a legal apartment and I have been harassed, forced to spend my own money on repairs, and have not received support from my landlord.

**\*2** (Am. Compl. ¶ II.B.3.)

In its entirety, Plaintiff's Statement of Claim alleges:

> 3/5/18 – landlord has not replaced kitchen equiptment (stove); 7/19/18 – reported complaint regarding other tenants; 8/28/18 – threatened by party with home-made bomb; 7/26/18 –

defendant used my mental health status against me, making false claims to problem oriented policing, 7th Precinct, involved in monitoring.

(Am. Compl. ¶ III.) In the space on the form complaint that calls for the relief sought, Plaintiff wrote "N/A". (Am. Compl. ¶ IV.)

DISCUSSION

I. In Forma Pauperis Application

Upon review of Plaintiff's declaration in support of her application to proceed in forma pauperis, the Court finds that Plaintiff is qualified to commence this action without prepayment of the filing fee. See 28 U.S.C. § 1915(a)(1). Therefore, Plaintiff's request to proceed in forma pauperis is GRANTED.

II. Application of 28 U.S.C. § 1915

Section 1915 of Title 28 requires a district court to dismiss an in forma pauperis complaint if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). The Court is required to dismiss the action as soon as it makes such a determination.

Courts are obliged to construe the pleadings of a pro se plaintiff liberally. See Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 191 (2d Cir. 2008); McEachin v. McGuinnis, 357 F.3d 197, 200 (2d Cir. 2004). However, a complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (citations omitted). The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." Id. at 678; accord Wilson v. Merrill Lynch & Co., 671 F.3d 120, 128 (2d Cir. 2011). While " 'detailed factual allegations' " are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of

a cause of action will not do.' " Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555).

III. Subject Matter Jurisdiction

Notwithstanding the liberal pleading standard afforded pro se litigants, federal courts are courts of limited jurisdiction and may not preside over cases if they lack subject matter jurisdiction. Lyndonville Sav. Bank & Trust Co. v. Lussier, 211 F.3d 697, 700-01 (2d Cir. 2000). Unlike lack of personal jurisdiction, lack of subject matter jurisdiction cannot be waived and may be raised at any time by a party or by the Court sua sponte. Id. "If subject matter jurisdiction is lacking, the action must be dismissed." Id.; see FED. R. CIV. P. 12(h)(3).

*3 The basic statutory grants of subject matter jurisdiction are embodied in 28 U.S.C. §§ 1331 and 1332. Arbaugh v. Y & H Corp., 546 U.S. 500, 513, 126 S. Ct. 1235, 1244, 163 L. Ed. 2d 1097 (2006). Section 1331 provides federal question jurisdiction and Section 1332 provides jurisdiction based on diversity of citizenship. Id. A plaintiff properly invokes § 1332 jurisdiction when he presents a claim between parties of complete diverse citizenship and the amount in controversy exceeds $75,000. Id. Subject matter jurisdiction may be established pursuant to § 1331 where a claim arises under the "Constitution, laws or treaties of the United States." 28 U.S.C. § 1331. "A plaintiff properly invokes § 1331 jurisdiction when he pleads a colorable claim 'arising under' the Constitution or laws of the United States. Arbaugh, 56 U.S. at 513, 126 S. Ct. at 1237. A claim alleging federal question subject matter jurisdiction "may be dismissed for want of subject matter jurisdiction if it is not colorable, i.e., if it is 'immaterial and made solely for the purpose of obtaining jurisdiction' or is 'wholly insubstantial and frivolous.' " Id. at 513 n.10, 126 S. Ct. at 1237 n.10.

Here, Plaintiff does not allege that her claims arise under any federal laws. Rather, Plaintiff alleges that her claims arise exclusively under the New York State Human Rights Law, N.Y. Exec. Law § 296 et seq. And, the Court knows of no legal theory that would provide relief to Plaintiff under any federal law under the circumstances alleged in the Complaint. Accordingly, Plaintiff has failed to properly invoke this Court's federal question subject matter jurisdiction.

Given Plaintiff's pro se status, the Court has also considered whether this Court's diversity jurisdiction may be invoked. However, this case lacks complete diversity between parties as Abhi Realty is expressly alleged to be a citizen of

New York, the same state as Plaintiff. 28 U.S.C. § 1332. And, because Plaintiff does not seek any monetary relief in the Complaint, the amount in controversy does not exceed $75,000 as required by 28 U.S.C. § 1332. Accordingly, this Court lacks subject matter jurisdiction to adjudicate Plaintiff's claims. Although courts hold pro se complaints "to less stringent standards than formal pleadings drafted by lawyers," Hughes v. Rowe, 449 U.S. 5, 9, 101 S. Ct. 173, 176, 66 L. Ed. 2d 163 (1980), pro se litigants still must establish subject matter jurisdiction to avoid dismissal. See, e.g., Rene v. Citibank N.A., 32 F. Supp. 2d 539, 541-42 (E.D.N.Y. 1999) (dismissing pro se complaint for lack of subject matter jurisdiction). Accordingly, Plaintiff's Complaint is DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. § 1915(e)(2) (B)(ii); and FED. R. CIV. P. 12(h)(3). Plaintiff may pursue any state law claims she may have against Defendants in state court.

## IV. Leave to Amend

Given the Second Circuit's guidance that a pro se complaint should not be dismissed without leave to amend unless amendment would be futile, Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000), the Court has carefully considered whether leave to amend is warranted here. Because the defects in Plaintiff's claims are substantive and would not be cured if afforded an opportunity to amend, leave to amend the Complaint is DENIED.

## CONCLUSION

For the reasons set forth above, Plaintiff's application to proceed in forma pauperis is GRANTED, however the Complaint is sua sponte DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii); and FED. R. CIV. P. 12(h)(3).

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is DENIED for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

**\*4** SO ORDERED.

## All Citations

Slip Copy, 2019 WL 2870065

---

 © 2019 Thomson Reuters. No claim to original U.S. Government Works.

 © 2019 Thomson Reuters. No claim to original U.S. Government Works.

Passero v. Schulz, Not Reported in Fed. Supp. (2018)

2018 WL 2926292

2018 WL 2926292
Only the Westlaw citation is currently available.
United States District Court, N.D. New York.

Daniel PASSERO, Plaintiff,

v.

Meredith SCHULZ, Washington County APS
Case Worker; Andrew Williamson, Washington
County APS Case Worker, Defendants.

1:17-CV-1296 (TJM/CFH)
|
Signed 02/01/2018

**Attorneys and Law Firms**

Daniel Passero, 19 North Street, Apt. 2D, Granville, New
York 12832, pro se.

### REPORT-RECOMMENDATION AND ORDER

Christian F. Hummel, U.S. Magistrate Judge

**\*1** Plaintiff commenced this action on November 27, 2017
with the filing of a complaint. Dkt. No. 1 ("Compl."). Plaintiff
did not pay this Court's filing fee, and instead filed an
application to proceed in forma pauperis ("IFP"). On January
3, 2018, Magistrate Judge Daniel J. Stewart recused himself
from the case, and the undersigned was assigned in his place.
Dkt. No. 4. Presently pending before the Court is review
of plaintiff's IFP application and review of the complaint
pursuant to 28 U.S.C. § 1915. Following review of plaintiff's
IFP application, the undersigned concludes that plaintiff may
properly proceed IFP. [1]

---

[1]      Plaintiff is advised that, although he has been granted IFP
         status, he is still required to pay for any fees or costs he
         may incur, such as copying fees or witness fees.

### I. Initial Review

### A. Standard of Review

Section 1915 of Title 28 of the United States Code directs
that, when a plaintiff seeks to proceed IFP, "the court shall
dismiss the case at any time if the court determines that ... the
action or appeal (i) is frivolous or malicious; (ii) fails to state a

claim on which relief may be granted; or (iii) seeks monetary
relief against a defendant who is immune from such relief." 28
U.S.C. § 1915(e)(2)(B). Thus, it is a court's responsibility to
determine that a plaintiff may properly maintain his complaint
before permitting him to proceed with his action.

Where, as here, the plaintiff proceeds pro se, "the court
must construe his submissions liberally and interpret them
to raise the strongest arguments that they suggest." Kirkland
v. Cablevision Sys., 760 F.3d 223, 224 (2d Cir. 2014)
(per curiam) (internal quotation marks omitted); see also
Hernandez v. Coughlin, 18 F.3d 133, 136 (2d Cir. 1994).
However, this does not mean the Court is required to accept
unsupported allegations devoid of sufficient facts or claims.
Pleading guidelines are provided in the Federal Rules of Civil
Procedure ("Fed R. Civ. P"). Specifically, Rule 8 provides
that a pleading which sets forth a clam for relief shall contain,
inter alia, "a short and plain statement of the claim showing
that the pleader is entitled to relief." See FED. R. CIV.
P. 8(a)(2). "The purpose ... is to give fair notice of the
claim being asserted so as to permit the adverse party the
opportunity to file a responsive answer, prepare an adequate
defense and determine whether the doctrine of res judicata is
applicable." Flores v. Graphtex, 189 F.R.D. 54, 54 (N.D.N.Y.
1999) (internal quotation marks and citations omitted). Rule
8 also requires the pleading to include:

> (1) a short and plain statement of the grounds for the court's
> jurisdiction ...;

> (2) a short and plain statement of the claim showing that
> the pleader is entitled to relief; and

> (3) a demand for the relief sought ....

FED. R. CIV. P. 8(a). Although "[n]o technical form is
required," the Federal Rules make clear that each allegation
contained in the pleading "must be simple, concise, and
direct." Id. at 8(d). Ultimately, the plaintiff must plead
"enough facts to state a claim to relief that is plausible on its
face." Twombly, 550 U.S. at 570.

**\*2** A complaint that fails to comply with the pleading
requirements "presents far too a heavy burden in terms of
a defendant's duty to shape a comprehensive defense and
provides no meaningful basis for the Court to assess the
sufficiency of their claims." Gonzales v. Wing, 167 F.R.D.
352, 355 (N.D.N.Y. 1996). As the Second Circuit has held,
"[w]hen a complaint does not comply with the requirement
that it be short and plain, the court has the power, on its own

Passero v. Schulz, Not Reported in Fed. Supp. (2018)

2018 WL 2926292

initiative ... to dismiss the complaint." Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988) (citations omitted). However, "[d]ismissal ... is usually reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." Id. (citations omitted).

### B. Complaint

#### 1. Claims in Complaint

Plaintiff purports to bring this action pursuant to 42 U.S.C. § 1983, alleging that defendants, Meredith Schulz and Andrew Williamson, both Washington County "Adult Protective Services Case Workers" were negligent insofar as they failed to provide certain services to plaintiff. Plaintiff alleges that he is "diagnosed with a cognitive disorder," "due to an unknown illness." Compl. at 4. Plaintiff also indicates that he has periodontal disease. Id. He contends that he has actively sought treatment with many doctors and specialists for his teeth and his cognitive disorder. Id. Plaintiff contends that defendants "in their official capacity as adult protective workers kept requiring treatment to maintain temporary disability" but that the "treatment was inconsistent with the pleadings of plaintiff nor did either defendant take any action to remedy the violations." Id. Plaintiff provides that he "deliberated this in great length during a proceeding in a [sic] unrelated federal court action informing the county and it's [sic] attorneys of these civil violations." Id. Plaintiff suggests that defendants committed "malice neglect" because

> four years after the diagnosis of periodontal disease the Adult Protective Services workers have still not used their position as a state mandated program which is to be provided without regard to plaintiff/individual who because of his impairments could not provide for his basic need, and in this claim, medical/dental care.

Id. Plaintiff advises that he has been denied treatment for periodontal disease by Fidelis. Id. He argues that his diagnosis of "a cognitive disorder warranted the acceptance as a case

for Adult Protective Services and the plaintiff should have been provided with such protective civil rights." Id. Plaintiff contends that he has suffered many side effects from his periodontal disease and has "made consistent complaints to the doctors and the Adult Protective Workers and I suffered mentally and physically with no assistance." Id.

Plaintiff contends that he is "requesting intervention and an answer as to how I could have been neglected for all these years with such a simple diagnosis in the face of specific complaints that could have led to no other diagnosis then [sic] periodontal disease." Id. at 5. Plaintiff also contends that the "above cruel and inhuman treatment has caused severe mental anguish and physical suffering that is present and ongoing." Id.

Next, plaintiff argues that defendant Schulz "in her official capacity as Adult Protective Services case worker in the time period covering 2011 failed to protect the plaintiff from eviction of residency[.]" Compl. at 5. Plaintiff provides that he was evicted from his residence for nonpayment, "but records will indicate that all rent was paid in full as the county has admitted recently in an unrelated matter." Id. Plaintiff also provides that "[t]he local judge made the plaintiff responsible for payment of a third parties [sic] rent. It is the responsibility of the landlord to rent his housing." Id. Plaintiff indicates that his eviction "has caused severe mental anguish and physical suffering from the cruel and inhuman treatment that is present and ongoing." Id.

**\*3** Next, plaintiff contends that Schulz, "in her official capacity as an Emergency Housing Coordinator case worker in 2017 failed to inspect a residency properly leading to unsanitary living conditions." Compl. at 5. Plaintiff contends that "this has caused severe mental anguish and physical suffering from the cruel and inhuman treatment that is present and ongoing." Id.

Plaintiff next argues that defendant Williamson, "in his official capacity as an Adult Protective Services case worker failed to provide protection against unsanitary living conditions that led to an eviction when the plaintiff tried to remedy the issue." Compl. at 5. Plaintiff provides that a "local judge would not even accept or hear any counter claim." Plaintiff argues defendant's actions "has caused severe mental anguish and physical suffering from the cruel and inhuman treatment that is present and ongoing." Id.

Passero v. Schulz, Not Reported in Fed. Supp. (2018)

2018 WL 2926292

Finally, plaintiff demands "[t]he entire amount of relief requested and other relief the Court may deem proper and just." Compl. at 6. Plaintiff indicates on the civil cover sheet that he demands $10,000,000.00. Id. at 7.

## 2. Assessment

Plaintiff indicates that this case is before the Court on federal question jurisdiction.[2] Compl. at 7. Although plaintiff contends that this action is brought pursuant to section 1983 for violations of his civil rights, plaintiff fails to specify the constitutional violations he alleges defendants committed. To the extent a liberal reading may suggest that defendants violated the Eighth Amendment, as plaintiff refers to "cruel and inhuman treatment" throughout his complaint, the Eighth Amendment does not apply here as the Eighth Amendment prohibits cruel and unusual punishments from being inflicted on incarcerated persons. See, e.g., Lynch v. Cannatella, 810 F.2d 1363, 1375 (5th Cir. 1987) (concluding that "the eighth amendment prohibition against cruel and unusual punishment "is not applicable to cases in which the plaintiffs were not in custody as a result of having been convicted of a crime.").

[2]     Plaintiff is unable to demonstrate diversity jurisdiction as plaintiff and all defendants are citizens of New York State, as he indicates on the civil cover sheet. See Compl. at 7.

Arguably, plaintiff may be attempting to bring this case pursuant to the Fourteenth Amendment under a "state-created danger theory of liability." Under 42 U.S.C. § 1983, "in certain 'exceptional circumstances' a state actor may be under an affirmative constitutional obligation to protect an individual,' either because of a special relationship with the individual, or because the governmental entity itself has created or increased the danger to the individual.' " Robischung-Walsh v. Nassau Cnty. Police Dept., 421 Fed.Appx. 38, 41 (2d Cir. 2011) (summary order). However, under this very limited exception, " '[i]t is not enough to allege that a government actor failed to protect an individual from a known danger of bodily harm....' " Id. (citation omitted). Instead, the government official must take "an affirmative act that creates an opportunity for a third party to harm a victim (or increases the risk of such harm).' " Id. (citation omitted).

Here, it does not appear that this limited exception applies to the facts of plaintiff's case insofar as he is alleging

that defendants, as protective case workers, committed an omission or failure to act, that resulted in injury and/or mental distress. Further, it does not appear that he is contending that it was the defendants' failure to act that caused a third party to cause him harm. Robischung-Walsh, 421 Fed.Appx. at 41. Instead, plaintiff suggests that because of defendants' failure to provide him with certain approvals for medical care or housing, he suffered damages. Indeed, based on the complaint, it is not even entirely clear that defendants were assigned to plaintiff as his case workers at the times discussed in the complaint as plaintiff indicates that his diagnosis "a cognitive disorder warranted the acceptance as a case for Adult Protective Services and the plaintiff should have been provided with such protective civil rights" which may suggest that he was not even under the defendants' supervision. Compl. at 5. Moreover, insofar as plaintiff refers to actions —or, more aptly, failures to act—that occurred in 2011, it appears such claims may be time barred.

*4 It appears that plaintiff is attempting to set forth claims regarding negligence insofar as he argues that he was under the care and/or supervision of defendant caseworkers and they allegedly failed to provide or approve him for access to certain medical care or provide him with adequate housing. See also Compl. at 4 (referencing "malice negligence"). Such allegations would appear to fall under a claim for negligence, which would be a state law claim, not claims that arise under federal laws, regulations, or constitutional provisions. Although, generally, this Court has the discretion to exercise its supplemental jurisdiction to review state law claims in some cases, Block v. First Blood Assocs., 988 F.2d 344, 351 (2d Cir. 1993), where there is no meritorious federal claim before the Court, the district court should decline to exercise its supplemental jurisdiction to review any related state law claims. See, e.g., Purgess v. Sharrock, 33 F.3d 134 (2d Cir. 1994). As plaintiff's complaint currently fails to demonstrate the involvement of a federal question, and, thus, fails to demonstrate this Court's jurisdiction, it is recommended that this Court also decline to exercise jurisdiction over plaintiff's potential state law claims. See Kaminski v. Commissioner of Oneida Cty. Dept. of Soc. Services, 804 F. Supp. 2d 100, 107 (N.D.N.Y. 2011) (quoting 28 U.S.C. § 1367(c)(3) ).

Generally, in cases involving pro se plaintiffs, a court should not dismiss a complaint without granting leave to amend "at least once" "when a liberal reading of the complaint gives any indication that a valid claim might be stated." Branum v. Clark, 927 F.2d 698, 704-05 (2d Cir. 1991). However, an opportunity to amend is not required where "the problem

**Passero v. Schulz, Not Reported in Fed. Supp. (2018)**

2018 WL 2926292

with [the plaintiff's] causes of action is substantive" such that "better pleading will not cure it." Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000); see also Cortec Indus. Inc. v. Sum Holding L.P., 949 F.2d 42, 48 (2d Cir. 1991) ("Of course, where a plaintiff is unable to allege any fact sufficient to support its claim, a complaint should be dismissed with prejudice."). Here, although it does not appear from the face of the current complaint that plaintiff's complaint involves violations of the United States Constitution or federal law, in light of special solicitude, the undersigned recommends that the Court provide plaintiff with one opportunity to amend his complaint to attempt to demonstrate this Court's federal question jurisdiction.

### III. CONCLUSION

Wherefore, for the reasons stated herein, it is hereby

**ORDERED**, that plaintiff's motion to proceed in forma pauperis (Dkt. No. 2) is **GRANTED**; and it is

**RECOMMENDED**, that plaintiff's Complaint (Dkt. No. 1) be **DISMISSED without prejudice and with leave to amend**, following the District Judge's review of this Report-Recommendation and Order, in order to provide plaintiff an opportunity to demonstrate this Court's federal question jurisdiction; and it is

**ORDERED**, that the Clerk of the Court serve this Report-Recommendation and Order on plaintiff in accordance with the Local Rules.

**IT IS SO ORDERED.**

Pursuant to 28 U.S.C. § 636(b)(1), the plaintiff has **FOURTEEN (14)** days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW**. See Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993) (citing Small v. Sec'y of Health and Human Services, 892 F.2d 15 (2d Cir. 1989) ); see also 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).

**All Citations**

Not Reported in Fed. Supp., 2018 WL 2926292

---

© 2019 Thomson Reuters. No claim to original U.S. Government Works.

Passero v. Schultz, Not Reported in Fed. Supp. (2018)

2018 WL 2926295

2018 WL 2926295
Only the Westlaw citation is currently available.
United States District Court, N.D. New York.

Daniel PASSERO, Plaintiff,

v.

Meredith SCHULTZ, Washington County
APS Case Worker; Andrew Williamson,
Washington County APS Case Worker, Defendants.

1:17-CV-1296 (TJM/CFH)
|
Signed 06/07/2018

**Attorneys and Law Firms**

Daniel Passero, Granville, NY, pro se.

**DECISION & ORDER**

THOMAS J. McAVOY, Senior United States District Judge

**I. INTRODUCTION**

 **\*1** This *pro se* action brought pursuant to 42 U.S.C. § 1983 was referred to the Hon. Christian F. Hummel, United States Magistrate Judge, for initial review. In a February 1, 2018 Report-Recommendation and Order (Dkt. No. 6), Magistrate Judge Hummel recommends that plaintiff's Complaint (Dkt. No. 1) be dismissed without prejudice and with leave to amend in order to provide plaintiff an opportunity to demonstrate this Court's federal question jurisdiction. Rep. Rec. & Ord., at 9-10. Plaintiff filed objections to this recommendation. Dkt. No. 8.

**II. STANDARD OF REVIEW**

When objections to a magistrate judge's report and recommendation are lodged, the district court makes a "*de novo* determination of those portions of the report or *specified* proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1) (emphasis added); see also Fed. R. Civ. P. 72(b)(2) ("[A] party may serve and file *specific* written objections to the [magistrate judge's] proposed findings and recommendations." (emphasis added) ); N.D.N.Y. Local Civil Rule 72.1(c) (written objections to a magistrate's report and recommendation must "*specifically* identify the portions of the proposed findings, recommendations, or report to which it has an objection and

the basis for the objection" (emphasis added) ); United States v. Male Juvenile, 121 F.3d 34, 38 (2d Cir. 1997) (The Court must make a *de novo* determination to the extent that a party makes *specific* objections to a magistrate's findings.) (emphasis added).

General or conclusory objections are reviewed for clear error. Farid v. Bouey, 554 F. Supp. 2d 301, 306 n. 2 (N.D.N.Y. 2008); see Frankel v. N.Y.C., 2009 WL 465645 at \*2 (S.D.N.Y. Feb. 25, 2009).

After reviewing the report and recommendation, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b).

**III. DISCUSSION**

Plaintiff does not object to any specific portion of, or conclusion in, the Report-Recommendation and Order. See Obj., Dkt. No. 8, at 1. Rather, plaintiff asserts that he is "presently recovering from another infection that has lasted months," and that the lack of treatment until nine days before he submitted his objections "cause[d] the diagnosed cognitive disorder to intensify (delirium?) precluding [him] from thinking properly." Id. He further asserts that "[t]he only reason why the petition is not satisfactory is because those intrusted with [his] medical care are not treating [him] properly causing delirium ...." Id. The Court treats this as a general objection. After examining the record, this Court has determined that the conclusions and the recommendation in the Report-Recommendation and Order are not subject to attack for clear error.

Further, even when conducting a *de novo* review of the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court arrives at the same conclusions as stated by Magistrate Judge Hummel in his thorough report.

**IV. CONCLUSION**

 **\*2** Accordingly, the Court **ACCEPTS and ADOPTS** the recommendation in the Report-Recommendation and Order (Dkt. No. 6) for the reasons stated therein. Thus, it is hereby

**ORDERED** that the Complaint (Dkt. No. 1) is **DISMISSED WITHOUT PREJUDICE AND WITH LEAVE TO AMEND** in order to provide plaintiff an opportunity to

**Passero v. Schultz, Not Reported in Fed. Supp. (2018)**

2018 WL 2926295

demonstrate this Court's federal question jurisdiction; and it is further

**ORDERED** that plaintiff is given <u>thirty (30) days from the date of this Decision and Order</u> in which to file an Amended Complaint. Plaintiff is advised that <u>an amended complaint **supersedes in all respects** the prior pleading. Therefore, if</u> plaintiff files an amended complaint, he **must properly allege in the amended complaint all factual bases for all claims asserted therein, and the amended complaint must be in compliance with Rules 8 and 10 of the Federal Rules of Civil Procedure**; and, it is further

**ORDERED** that should plaintiff fail to file an amended complaint within <u>thirty (30) days from the date of this Decision and Order</u>, **the Clerk of the Court is directed to close this case without further action by the Court**.

**IT IS SO ORDERED**.

**All Citations**

Not Reported in Fed. Supp., 2018 WL 2926295

---

**End of Document**

© 2019 Thomson Reuters. No claim to original U.S. Government Works.

2019 WL 2617901
Only the Westlaw citation is currently available.
United States District Court, N.D. New York.

Cedric PARTEE a/k/a Webb, Plaintiff,
v.
The CITY OF SYRACUSE, et al., Defendants

Civil Action No. 5:19-CV-0417 (TJM/DEP)
|
Signed 05/23/2019

**Attorneys and Law Firms**

FOR PLAINTIFF: CEDRIC PARTEE, Pro Se, 32 Candlelight Circle, Apt. A, Liverpool, NY 13090.

FOR DEFENDANTS: NONE.

ORDER, REPORT, AND RECOMMENDATION

DAVID E. PEEBLES, CHIEF U.S. MAGISTRATE JUDGE

**\*1** *Pro se* plaintiff Cedric Partee, a New York State parolee, has commenced this civil rights action, pursuant to 42 U.S.C. § 1983, against the City of Syracuse ("City"), a City police officer, and various employees of the New York State Department of Corrections and Community Supervision ("DOCCS"), alleging that defendants violated a number of his rights arising under the United States Constitution. Plaintiff's complaint and an amended application for leave to proceed *in forma pauperis* ("IFP") submitted by the plaintiff have been forwarded to me for review. Based upon my consideration of those materials, I am granting plaintiff's amended IFP application, and recommending that his complaint be accepted only with respect to his Fourth Amendment claim asserted against one individual defendant.

I. BACKGROUND

Plaintiff Cedric Partee, who also claims to be known as "Webb," commenced this action by the filing of a complaint, accompanied by a number of appended exhibits in support of his claims, on April 8, 2019. Dkt. No. 1; Dkt. No. 1-1. According to those documents, plaintiff was convicted in 1984, upon a jury verdict, of murder in the second degree, in violation of N.Y. Penal Law § 125.25, and was sentenced to an indeterminate term of imprisonment of twenty-five years to life. Dkt. No. 1-1 at 67. Plaintiff complains that his original

written order of commitment contains a number of clerical errors in contravention of N.Y. Correction Law § 601-a that must be addressed by the DOCCS. Dkt. No. 1 at 12-14 (citing Dkt. No. 1-1 at 71).

Plaintiff's claims appear to have as their genesis his release from state custody, in 2014, to lifetime parole supervision. Dkt. No. 1 at 4; Dkt. No. 1-1 at 16, 58. Under the terms of that release, plaintiff was required to, *inter alia*, abstain from the use of alcohol and refrain from fraternizing with those known to have criminal records. Dkt. No. 1-1 at 16, 19-20, 58.

Although plaintiff's prolix pleading is peppered with constitutional and legal buzzwords, his claims are predicated upon his contention that defendants conspired, in various forms, to charge him with parole violations that he did not commit. *See generally* Dkt. No. 1; Dkt. No. 1-1. Plaintiff claims that he was accused by officers of consuming alcohol, striking his wife, Tina Chambliss-Partee, and being involved in an altercation with his brother-in-law, John Chambliss, on the evening of July 14, 2016, culminating in his arrest by defendant C. Cowan, a City police officer. *See generally* Dkt. No. 1; Dkt. No. 1-1.

On July 18, 2016, as a result of the incident, plaintiff received a notice of parole violation, in which he was charged as follows:

CHARGE #1: [Plaintiff] violated Rule #7, of the rules governing his release in that on 07/14/16, he was in the company of John Chambliss, a person with a known criminal history who is supervised by the Syracuse Area Office.

CHARGE #2: [Plaintiff] violated Special Condition #13(c), of the rules governing his release, in that on 07/14/16, he consumed alcohol.

**\*2** CHARGE #3: [Plaintiff] violated Rule #8, of the rules governing his release in that on 07/14/16, he threatened the safety and well-being of Tina Chambliss Partee, by causing injury to her eye.

CHARGE #4: [Plaintiff] violated Rule #8, of the rules governing his release in that on 07/14/16, he threatened the safety and well-being of Tina Chambliss Partee, by causing injury to her eye, resulting in his arrest for assault.

CHARGE #5: [Plaintiff] violated Rule #8, of the rules governing his release in that on 07/14/16, he threatened

the safety and well-being of John Chambliss by having a physical altercation with him.

Dkt. No. 1-1 at 56-57; *see also* Dkt. No. 1 at 10. [1]

[1]  In addition to the notice of parole violation, plaintiff appears to have also been charged criminally in connection with the July 14, 2016 events, although one count of assault in the third degree was dismissed in the interest of justice pursuant to N.Y. Criminal Procedure Law § 170.30(1)(g) by the Syracuse City Court on September 6, 2016. Dkt. No. 1-1 at 65.

On September 13, 2016, the matter proceeded to a final parole revocation hearing, at which plaintiff was represented by counsel. Dkt. No. 1-1 at 15-72. Although plaintiff denied each of the allegations raised at the hearing, the charges alleging violations with regard to not consuming alcohol, fraternizing with a person known to have a criminal record, and engaging in a physical confrontation, were sustained, leading ultimately to the revocation of his parole and imposition of a twenty-four-month additional period of incarceration. [2] *See generally* Dkt. No. 1, Dkt. No. 1-1; *see also Partee v. Stanford, 159 A.D.3d 1294 (3d Dept 2018)* (confirming the revocation of plaintiff's parole).

[2]  Although Ms. Chambliss-Partee was subpoenaed by the DOCCS to testify at the final revocation hearing, she failed to appear. Dkt. No. 1-1 at 39. She subsequently provided plaintiff with a notarized statement in which she summarily stated as follows:
    I ... did not tell my brother John Chambliss that [plaintiff] ... hit me. I don't know why he lied at [plaintiff's] parole rehearing on September 13, 2016. Dkt. No. 1-1 at 13.

As relief for the foregoing, plaintiff seeks monetary damages in excess of $40 million, as well as injunctive relief of an unspecified nature. Dkt. No. 1 at 14-15.

## II. DISCUSSION

### A. IFP Application

When a civil action is commenced in a federal district court, the statutory filing fee, currently set at $400.00, must ordinarily be paid. [3] 28 U.S.C. § 1914(a). A court is authorized, however, to permit a litigant to proceed IFP if it determines that he is unable to pay the required filing fee. 28 U.S.C. § 1915(a)(1). [4] Although plaintiff has submitted a completed, amended IFP application, in it he indicates that

he receives no income from any sources whatsoever. Dkt. No. 2. It strains credulity that plaintiff has no source of income at all, even if it is in the form of public assistance, Social Security benefits, or financial help from friends or relatives. [5] *See id.* However, for purposes of this order, report, and recommendation, I will assume that plaintiff is financially eligible for IFP status. [6] *See id.*

[3]  The total cost for filing a civil action in this court is $400.00, consisting of the civil filing fee of $350.00, 28 U.S.C. § 1914(a), and an administrative fee of $50.00.

[4]  The language of that section is ambiguous, in that it suggests an intent to limit availability of IFP status to prison inmates. *See* 28 U.S.C. § 1915(a)(1) (authorizing the commencement of an action without prepayment of fees "by a person who submits an affidavit that includes a statement of all assets such prisoner possesses"). Courts have construed that section, however, as making IFP status available to any litigant who can meet the governing financial criteria. *Hayes v. United States,* 71 Fed. Cl. 366, 367 (Fed. Cl. 2006); *see also Fridman v. City of N.Y.,* 195 F. Supp. 2d 534, 536 n.1 (S.D.N.Y. 2002).

[5]  Indeed, according to documents appended to the plaintiff's complaint, he claims to receive Social Security supplemental security income ("SSI") payments. *See* Dkt. No. 1-1 at 59.

[6]  Plaintiff is reminded that, although his IFP application has been granted, he will still be required to pay fees that he incurs in this action, including copying and/or witness fees.

### B. Sufficiency of Plaintiff's Complaint

#### 1. Standard of Review

**\*3**  Because I have found that plaintiff meets the financial criteria for commencing this action IFP, I must next consider the sufficiency of plaintiff's claims in light of 28 U.S.C. § 1915(e). Section 1915(e) directs that, when a plaintiff seeks to proceed IFP, "the court shall dismiss the case at any time if the court determines that ... the action ... (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

In deciding whether a complaint states a colorable claim, a court must extend a certain measure of deference in favor

of *pro se* litigants, *Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990) (per curiam), and extreme caution should be exercised in ordering *sua sponte* dismissal of a *pro se* complaint before the adverse party has been served and the parties have had an opportunity to address the sufficiency of plaintiff's allegations. *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983). The court, however, also has an overarching obligation to determine that a claim is not legally frivolous before permitting a *pro se* plaintiff's complaint to proceed. *See, e.g., Fitzgerald v. First E. Seventh St. Tenants Corp.*, 221 F.3d 362, 363 (2d Cir. 2000) (holding that a district court may *sua sponte* dismiss a frivolous complaint, notwithstanding the fact that the plaintiff paid the statutory filing fee). "Legal frivolity ... occurs where 'the claim is based on an indisputably meritless legal theory [such as] when either the claim lacks an arguable basis in law, or a dispositive defense clearly exists on the face of the complaint.' " *Aguilar v. United States*, Nos. 99-MC-0304, 99-MC-0408, 1999 WL 1067841, at *2 (D. Conn. Nov. 8, 1999) (quoting *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998)); *see also Neitzke v. Williams*, 490 U.S. 319, 325 (1989) ("[D]ismissal is proper only if the legal theory ... or the factual contentions lack an arguable basis."); *Pino v. Ryan*, 49 F.3d 51, 53 (2d Cir. 1995) ("[T]he decision that a complaint is based on an indisputably meritless legal theory, for purposes of dismissal under section 1915(d), may be based upon a defense that appears on the face of the complaint.").

When reviewing a complaint under section 1915(e), the court is guided by applicable requirements of the Federal Rules of Civil Procedure. Specifically, Rule 8 of the Federal Rules of Civil Procedure provides that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The purpose of Rule 8 "is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer, prepare an adequate defense and determine whether the doctrine of res judicata is applicable." *Powell v. Marine Midland Bank*, 162 F.R.D. 15, 16 (N.D.N.Y. 1995) (McAvoy, J.) (quoting *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977)) (internal quotation marks and emphasis omitted).

A court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678

(2009) (citing *Twombly*, 550 U.S. at 556). Although the court should construe the factual allegations of a complaint in a light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). Thus, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.' " *Id.* at 679 (alteration in original) (quoting Fed. R. Civ. P. 8(a)(2)).

### 2. Analysis of Plaintiff's Claims

**\*4** Plaintiff purports to bring this action pursuant to 42 U.S.C. § 1983, which "establishes a cause of action for 'the deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." *German v. Fed. Home Loan Mortg. Corp.*, 885 F. Supp. 537, 573 (S.D.N.Y. 1995) (quoting *Wilder v. Virginia Hosp. Ass'n*, 496 U.S. 498, 508 (1990)); *see also* 42 U.S.C. § 1983. "Section 1983 'is not itself a source of substantive rights[,]' .... [but] merely provides 'a method for vindicating federal rights elsewhere conferred[.]' " *Patterson*, 375 F.3d at 225 (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). In order to state a claim pursuant to section 1983, "a plaintiff must allege (1) 'that some person has deprived him of a federal right,' and (2) 'that the person who has deprived him of that right acted under color of state ... law.' " *Velez v. Levy*, 401 F.3d 75, 84 (2d Cir. 2005) (quoting *Gomez v. Toledo*, 446 U.S. 635, 640 (1980)).

#### a. Personal Involvement of Defendants Moss and Snyder

In his complaint, plaintiff names Supervising Parole Officers "Moss" and "J. Snyder" as two of the defendants sued. Other than listing these defendants under "Parties to Action" and in the "Relief Requested" sections of his complaint, however, those defendants are nowhere mentioned in the body of plaintiff's complaint.

"Personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under [section] 1983." *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994) (quoting *Moffitt v. Town of Brookfield*, 950 F.2d 880,

885 (2d Cir. 1991); *McKinnon v. Patterson*, 568 F.2d 930, 934 (2d Cir. 1977)) (internal quotation marks omitted). As the Supreme Court has noted, a defendant may only be held accountable for his actions under section 1983. *See Iqbal*, 556 U.S. at 683 ("[P]etitioners cannot be held liable unless they themselves acted on account of a constitutionally protected characteristic."). In order to prevail on a section 1983 cause of action against an individual, a plaintiff must show "a tangible connection between the acts of a defendant and the injuries suffered." *Bass v. Jackson*, 790 F.2d 260, 263 (2d Cir. 1986). "To be sufficient before the law, a complaint must state precisely who did what and how such behavior is actionable under [the] law." *Hendrickson v. U.S. Attorney Gen.*, No. 91-CV-8135, 1994 WL 23069, at *3 (S.D.N.Y. Jan. 24, 1994).

Because plaintiff has made only passing reference to defendants Moss and Snyder in his complaint, and has included no factual allegations regarding their conduct, he has failed to plausibly allege their personal involvement in any constitutional violations. Accordingly, I recommend that plaintiff's complaint be dismissed as against those defendants based upon their lack of personal involvement.

### b. City of Syracuse

Plaintiff names the City of Syracuse as a defendant, yet fails to plausibly allege any facts that would support a claim against that entity. A municipal entity may be held accountable for a constitutional violation that has occurred pursuant to "a policy statement, ordinance, regulation, or decision officially adopted and promulgated by [the municipality's] officers ... [or] pursuant to governmental 'custom' even though such a custom has not received formal approval through the body's official decisionmaking channels." *Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 690-91 (1978). Municipal liability for the acts of its employees can be established in several ways, including through "proof of an officially adopted rule or widespread, informal custom" demonstrating " 'a deliberate government policy or failing to train or supervise its officers.' " *Bruker v. City of N.Y.*, 337 F. Supp. 2d 539, 556 (S.D.N.Y. 2004) (quoting *Anthony v. City of N.Y.*, 339 F.3d 129, 140 (2d Cir. 2003)). A plaintiff may also show that the allegedly unconstitutional action was "taken or caused by an official whose actions represent official policy," *Jeffes v. Barnes*, 208 F.3d 49, 57 (2d Cir. 2000), or when municipal officers have acquiesced in or condoned a known policy, custom, or practice that violates federal law. *Amnesty Am. v. Town of W. Hartford*, 361 F.3d 113, 126 (2d

Cir. 2004); *see also Reynolds v. Giuliani*, 506 F.3d 183, 192 (2d Cir. 2007) ("*Monell*'s policy or custom requirement is satisfied where a local government is faced with a pattern of misconduct and does nothing, compelling the conclusion that the local government has acquiesced in or tacitly authorized its subordinates' unlawful actions.").

**\*5** In this case, plaintiff has failed to allege the existence of a specific policy of the City of Syracuse that led to the constitutional violations asserted in his complaint. Instead, he has merely alleged that the City should be held accountable based upon its alleged failure to properly hire, train, and supervise it employees. *See, e.g.*, Dkt. No. 1 at 8. Such a conclusory allegation is insufficient to states a plausible municipal liability claim. *Simms v. City of New York*, 480 Fed. App'x 627, 631 n.4 (2d Cir. 2015) (noting that plaintiff's "conclusory allegation that the City failed to train its officers, without any supporting factual material" is insufficient to state a claim for municipal liability under section 1983). Accordingly, I recommend that plaintiff's claims against the City of Syracuse be dismissed.

### c. N.Y. Correction Law § 601-a and Defendant Annucci

While the primary thrust of plaintiff's complaint stems from the circumstances leading to the revocation of his parole, plaintiff also complains that defendant Anthony J. Annucci, the Acting Commissioner of the DOCCS, failed in his obligation to correct various clerical errors appearing in plaintiff's original order of commitment, as well as other documents concerning plaintiff, and which are maintained by the DOCCS. Dkt. No. 1 at 12-14 (citing Dkt. No. 1-1 at 71). Although his claims against Annucci are inartfully pled, plaintiff appears to allege that because the written order of commitment referred to him as "Cedric Partee," rather than "Cedric Webb," and indicated that his NYSID was 4064899K, rather than 4064899M, the sentence imposed was illegal, resulting in a violation of his constitutional rights. [7]

[7]    At the same time, plaintiff appears to suggest that at least the clerical error with respect to his NYSID was corrected "by the Administration of Correction[,]" but that the correction "resulted in a lost [sic] of jurisdiction." Dkt. No. 1 at 12.

More specifically, plaintiff claims that his constitutional rights were violated by virtue of the fact that the Annucci, in his capacity as the Acting Commissioner of the DOCCS, was derelict in his duties arising under N.Y. Correctional

Law § 601-a. That section directs the DOCCS to bring any sentencing irregularities to the attention of the sentencing court so that a defendant can be resentenced to comply with the law.[8] Assuming that at least some aspect of a successful challenge to the correctness of the written order of commitment would not result in plaintiff's immediate or speedier release from parole supervision, such that the sole procedure available is a habeas corpus proceeding, plaintiff's claim is nonetheless not cognizable under section 1983. Any alleged clerical error in a written order of commitment implicates an issue of state law. *See, e.g., Jackson v. Annucci,* No. 18-CV-1162, 2018 WL 7959122, at *5 (Dec. 19, 2018) (Sannes, J.) (citing *Vasquez v. Loiodice,* No. 07-CV-7164, 2009 WL 2575775, at *2 (S.D.N.Y. Aug. 20, 2009)), *reconsideration denied,* 2019 WL 1517580 (N.D.N.Y. Apr. 8, 2019). The proper procedure for the plaintiff to challenge the perceived inadequacies with the written order of commitment is by commencing an "appropriate proceeding" with the sentencing court. *See, e.g., Jackson,* 2018 WL 7959122, at *6; *Matter of McCullaugh v. DeSimone,* 111 A.D.3d 1011, 1012 (3d Dept 2013).

[8]    Specifically, that section provides as follows:
> Whenever it shall appear to the satisfaction of the department based on facts submitted on behalf of a person sentenced and confined in a state prison, that any such person has been erroneously sentenced, it shall be the duty of the department to communicate with the sentencing court, the inmate's defense attorney and the district attorney of the county in which such person was convicted. If upon investigation, the sentencing court, the defense attorney or the district attorney believes that the person has been so erroneously sentenced, the sentencing court, or the district attorney acting at the direction of the sentencing court, shall notify the department and arrange for the person to be heard and properly resentenced. The department thereupon shall comply with any court order to produce such person from such prison and cause him or her to be taken before the court in which he or she was sentenced for the purpose of resentence.
>
> N.Y. Corr. Law § 601-a.

**\*6** Based upon the foregoing, I find that plaintiff's claim against defendant Annucci arising under N.Y. Correction Law § 601-a is not cognizable under section 1983, and I therefore recommend that it be dismissed.

#### d. The *Heck* Doctrine

When a plaintiff seeks "to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid," the plaintiff must prove "that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey,* 512 U.S. 477, 487 (1994); *see also Estes v Doe,* No. 97-CV-8133, 1999 WL 983886, at *3 (S.D.N.Y. Oct. 29, 1999) (quoting *Heck*). "A claim for damages relating to a conviction that has not been so invalidated is not cognizable under Section 1983." *Estes,* 1999 WL 983886, at *3. Therefore,

> when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Heck,* 512 U.S. at 487.

Significantly, *Heck* and its "favorable termination" rule applies to actions pursuant to section 1983 that challenge the fact or duration of confinement based on the revocation of parole. *See, e.g., Bratton v. New York State Div. of Parole,* No. 05-CV-950, 2006 WL 2792743, at *2 (N.D.N.Y. 2006) (Mordue, J.) ("District courts have applied the *Heck* holding to section 1983 lawsuits based on the revocation of parole.") (citing *inter alia Dallas v. Goldberg,* 143 F. Supp. 2d 312, 322 (S.D.N.Y. 2001) ("The *Heck* holding applies equally in the parole revocation context.")); *see also Loving v. Harris,* No. 05-CV-3411, 2005 WL 1961420, *3 (E.D.N.Y. 2005).

Plaintiff's complaint contains a number of naked assertions, though is otherwise conspicuously devoid of factual enhancement, making the precise nature of his claims difficult to discern with any degree of certainty. Plaintiff appears to allege, however, that during the course of his arrest

and resulting revocation hearing, he was deprived of equal protection of the law through the use of "discriminatory practices towards [him]." Dkt. No. 1 at 12; *see also id.* at 9-11. Specifically, plaintiff claims that defendants' improper actions were motivated by discriminatory animus against plaintiff as a "Categore [sic] 1 Parolee," and plaintiff was treated differently than similarly situated persons on parole. Dkt. No. 1 at 12; *see also id.* at 8, 11.

The equal protection clause of the Fourteenth Amendment directs state actors to treat similarly situated people alike. *City of Cleburne, Tex. v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985). To state a cognizable equal protection cause of action, a plaintiff must allege sufficient facts that plausibly suggest that he was treated differently than others similarly situated as a result of intentional or purposeful discrimination directed at an identifiable or suspect class. *Giano v. Senkowski*, 54 F.3d 1050, 1057 (2d Cir. 1995).

**\*7** Even assuming that plaintiff's allegations were sufficient to state a claim under the equal protection clause of the Fourteenth Amendment under Rule 8 and *Iqbal*, his equal protection claim fails under the rule promulgated in *Heck*. Plaintiff has not alleged facts that plausibly suggest that the decision to revoke his parole has been invalidated, vacated, overturned, or expunged. *Davis v. Cotov*, 214 F. Supp. 2d 310, 316 (E.D.N.Y. 2002) ("However, [the plaintiff] does not allege that he has succeeded in establishing the invalidity of his parole revocation in an appropriate state or federal proceeding."). Because plaintiff's equal protection claim "goes to the heart of the constitutionality" of his parole revocation, it therefore "call[s] into question the validity" of the revocation, and thus is not cognizable under section 1983. *See Burris v. Nassau Cty. Dist. Attorney*, No. 14-CV-5540, 2017 WL 9485714, at \*11 (Jan. 12, 2017) (recommending dismissal of plaintiff's first amendment claim under the rule in *Heck* because it "[bore] on the validity of plaintiff's underlying conviction and sentence"), *report and recommendation adopted by* 2017 WL 1187709 (E.D.N.Y. Mar. 29, 2017).

Finally, to the extent that plaintiff's complaint can be read as challenging the terms and conditions of his supervised release—which plaintiff claims were applied as a result of a "conspiracy" among the defendants—this too "would necessarily imply the invalidity" of his parole revocation. *See Robinson v. N.Y. State Dep't of Corr. Servs.*, No. 08-CV-0911, 2008 WL 4560098, at \*2 (N.D.N.Y. Oct. 8, 2008) (McAvoy, J.) (finding that plaintiff's challenge to the terms

and conditions of his supervised release was barred under *Heck*); *see also Davis*, 214 F. Supp. 2d at 316 (plaintiff's claim that his parole revocation was the result of inadequate parole revocation proceedings is barred under *Heck*).

Accordingly, I recommend that plaintiff's equal protection claim, as well as any claim challenging the conditions of his parole, be dismissed as barred pursuant to *Heck*.

### e. Fourth Amendment and Defendant Cowan

Plaintiff also alleges that defendant Cowan "forced plaintiff from his home[ ] without an arrest warrant" and handcuffed him on July 14, 2016, in violation of his rights under the Fourth Amendment. Dkt. No. 1 at 8, 10. Based upon these limited allegations, it is unclear whether that claim is based upon defendant Cowan's unlawful entry into plaintiff's home, an unlawful search and seizure, or both. What does appear clear from plaintiff's complaint and accompanying exhibits is that plaintiff does not challenge his actual arrest as violating the Fourth Amendment, since his arrest was conducted pursuant to a warrant. *See generally* Dkt. No. 1; *see also* Dkt. No. 1-1 at 57-59 (detailing plaintiff's purported violation of release to parole supervision and resulting arrest pursuant to a warrant). It appears that at the time Cowan approached plaintiff's home, however, no such warrant had yet been issued. *See* Dkt. No. 1 at 8; Dkt. No. 1-1 at 58.

The Fourth Amendment prohibits "unreasonable searches and seizures," and the Warrants Clause requires that "no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." U.S. Const. amend. IV. Generally, "a search or seizure pursuant to a warrant is presumed valid." *U.S. v. Awadallah*, 349 F.3d 42, 64 (2d Cir. 2003); *accord Franks v. Delaware*, 438 U.S. 154, 171 (1978) ("There is ... a presumption of validity with respect to the affidavit supporting [a] search warrant."); *see also U.S. v. Canfield*, 212 F.3d 713, 717 (2d Cir. 2000).

While *Heck* would traditionally bar a plaintiff's claim brought pursuant to section 1983 under the circumstances discussed herein, the Supreme Court and the Second Circuit have both recognized that traditional Fourth Amendment claims are ordinarily not barred by *Heck* because, in light of exceptions to the exclusionary rule—such as the independent source doctrine and the inevitable discovery doctrine—a favorable outcome on a claim pursuant to 42 U.S.C. § 1983 would not

necessarily demonstrate the invalidity of a related conviction, or in this instance, revocation of a parolee's supervised release. *Heck*, 512 U.S. at 487 n.7; *Fifield v. Barrancotta*, 353 F. App'x 479, 480-81 (2d Cir. 2009). Thus, "if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit." *Heck*, 512 U.S. at 487.

**\*8** Here, although *Heck* may potentially bar plaintiff's claim that defendant Cowan illegally forced plaintiff from his home and handcuffed him, it is difficult to discern whether plaintiff's release under supervision would have been revoked absent Cowan's alleged interactions with plaintiff. Thus, in light of this uncertainty and considering the court's obligation to liberally construe a *pro se* litigant's pleadings, I find that plaintiff's complaint should be accepted for filing and that defendant Cowan should be required to respond in accordance with the local rules of practice for this court and the Federal Rules of Civil Procedure. I should note, however, that in recommending that the court require a response from defendant Cowan, I express no opinion as to whether plaintiff's claims can survive a properly filed motion to dismiss, motion for summary judgment, or whether he may prevail at trial.

#### f. Eleventh Amendment Immunity

In his complaint, plaintiff asserts that his claims against the individual DOCCS Division of Parole defendants, which plaintiff has sued in both their individual and official capacities, are not barred by sovereign immunity afforded under the Eleventh Amendment. Dkt. No. 1 at 14. However, for the reasons set forth below, I reject that assertion.

The Eleventh Amendment protects a state against suits brought in federal court by "private parties seeking to impose a liability which must be paid from public funds in the state treasury." *Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974); *accord Cory v. White*, 457 U.S. 85, 90-91 (1982); *Ying Jing Gan v. City of New York*, 996 F.2d 522, 529 (2d Cir. 1993). This absolute immunity, which states enjoy under the Eleventh Amendment, extends to both state agencies and state officials sued for damages in their official capacities when the essence of the plaintiff's claim seeks recovery from the state as the real party in interest. *See, e.g., Daisernia v. State of N.Y.*, 582 F. Supp. 792, 798-99 (N.D.N.Y. 1984)

(McCurn, J.). As plaintiff has named the defendant-officers of the Division of Parole in their official capacities and seeks monetary damages, those claims are barred by the Eleventh Amendment. *See Ennis v. N.Y. Dep't of Parole*, No. 5:18-CV-501, 2018 WL 3869151, at \*4 (N.D.N.Y. June 12, 2018) (Dancks, M.J.) ("[C]laims for money damages against state officials, including DOCCS officials and parole officers, sued in their official capacities, are also barred under the Eleventh Amendment."), *report and recommendation adopted by* 2018 WL 3862683 (N.D.N.Y. Aug. 14, 2018).

The Supreme Court, in *Ex parte Young*, 209 U.S. 123 (1908), however, established an exception to state sovereign immunity where the plaintiff brings an action seeking injunctive relief against an individual in their official capacity for an ongoing violation. Specifically, "a suit may proceed against a state official in his or her official capacity, notwithstanding the Eleventh Amendment, when a plaintiff, '(a) alleges an ongoing violation of federal law and (b) seeks relief properly characterized as prospective.' " *Olivo v. New York State Dep't of Corr. & Cmty. Supervision*, No. 9:17-CV-0357, 2017 WL 2656199, at \*3 (N.D.N.Y. June 20, 2017) (Sannes, J.) (quoting *In re Deposit Ins. Agency*, 482 F.3d 612, 618 (2d Cir. 2007)). Liberally construing plaintiff's complaint, and considering that plaintiff has since been returned to his supervised release status,[9] I find that plaintiff has not alleged any facts to suggest an ongoing violation against him that would warrant prospective relief. *See id.* Thus, to the extent that plaintiff seeks injunctive relief against defendants in their official capacities, I recommend that those claims be dismissed as barred by the Eleventh Amendment.

9     DOCCS records matching plaintiff's department identification number (84A5009) indicate that on July 12, 2018, plaintiff was released on parole. *See* DOCCS Inmate Information, http://nysdoccslookup.doccs ny.gov/GCA00P00/WIQ3/WINQ130 (last visited May 22, 2019).

#### g. State Law Claims[10]

10     Based upon my finding that plaintiff's federal claims against all defendants with the exception of defendant Cowan are subject to dismissal, I recommend that the court decline to extend supplemental jurisdiction over his state law claims against those defendants. *See* 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim ... if ... the district

court has dismissed all claims over which it has original jurisdiction."). Accordingly, in this section I address only plaintiff's state law claims against defendant Cowan.

**\*9** Finally, plaintiff's complaint also refers to defendant Cowan having committed state law torts, including malicious prosecution, intentional infliction of emotional distress, and fraud. Dkt. No. 1 at 8. Beyond suggesting that these torts occurred, plaintiff has failed to provide any further factual enhancement to his claims. *See Iqbal*, 556 U.S. at 678. For instance, assuming that plaintiff's intentional infliction of emotional distress was not otherwise time-barred pursuant to N.Y. Civil Practice Law and Rules § 215(3), plaintiff does not plausibly allege any facts that would suggest defendant Cowan engaged in extreme conduct that was so shocking and outrageous as to exceed all reasonable bounds of decency as required under New York law. *See Washington v. Cty. of Onondaga*, No. 5:04-CV-0997, 2009 WL 3171787, at \*86 (N.D.N.Y. Sept. 29, 2009) (Suddaby, C.J.) (defining actionable conduct for a claim of intentional infliction of emotion distress as conduct that is "so outrageous in character and so extreme in degree, as to go beyond all possible bounds of decency, and utterly intolerable in a civilized society" (citations and internal quotation marks omitted)); *Lazo v. United States*, No. 06-CV-5438, 2007 WL 2948342, \*5 (S.D.N.Y. Oct. 9, 2007) ("The conduct of the Government employees in this case in seeking an arrest warrant and proceeding to a revocation hearing for a parolee who had never appeared for supervision plainly cannot be characterized as 'extreme and outrageous.' ").

Furthermore, plaintiff has not pled sufficient conduct to state a claim for malicious prosecution or fraud. To state a claim for malicious prosecution under New York law, plaintiff must establish the following four elements: "(1) the initiation or continuation of a criminal proceeding against plaintiff; (2) termination of the proceeding in the plaintiff's favor; (3) lack of probable cause for commencing the proceeding; and (4) actual malice as a motivation for defendant's actions." *Caidor v. M&T Bank*, No. 05-CV-0297, 2006 WL 839547, at \*7 (N.D.N.Y. Mar. 27, 2006) (Scullin, J.) (quoting *Murphy v. Lynn*, 118 F.3d 938, 947 (2d Cir. 1997)) (internal quotation marks omitted). Here, the proceedings at issue —the September 13, 2016 revocation hearing—were not terminated in plaintiff's favor as the decision to revoke plaintiff's supervised release was upheld. *See generally* Dkt. No. 1-1. Moreover, plaintiff has failed to plead that defendant Cowan acted with "actual malice" as the motivating factor for any of his actions. Considering plaintiff cannot meet these

critical elements, his claim for malicious prosecution must fail.

Likewise, plaintiff has not established a claim for common law fraud under New York law. To state such a claim, plaintiff must demonstrate that "(1) the defendant made a material false representation; (2) the defendant intended to defraud the plaintiff thereby; (3) the plaintiff reasonably relied upon the representation; and (4) the plaintiff suffered damage as a result of such reliance." *Kearney v. N.Y.S. D.O.C.S.*, No. 9:11-CV-1281, 2013 WL 5437372, at \*14 (N.D.N.Y. Sept. 27, 2013) (Suddaby, C.J.) (citing *Banque Arabe et Internationale D'Investissement v. Maryland Nat. Bank*, 57 F.3d 146, 153 (2d Cir. 1995), *aff'd sub nom. Kearney v. New York State Dep't of Corr. Servs.*, 581 F. App'x 45 (2d Cir. 2014). A plain reading of plaintiff's complaint demonstrates that he has failed to plead the essential elements of a claim for fraud. Here, there is no mention in plaintiff's complaint of a materially false statement made by Cowan on which plaintiff relied. Additionally, plaintiff failed to plead that Cowan made any such statement with the intent to defraud plaintiff.

In sum, I find that plaintiff's claims fall well short of passing muster under Rule 8 and *Iqbal*, and accordingly, I recommend that plaintiff's state law claims be dismissed.

### C. Whether to Permit Amendment

Ordinarily, a court should not dismiss a complaint filed by a *pro se* litigant without granting leave to amend at least once "when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Branum v. Clark*, 927 F.2d 698, 704-05 (2d Cir. 1991); *see also* Fed. R. Civ. P. 15(a) ("The court should freely give leave when justice so requires."); *see also Mathon v. Marine Midland Bank, N.A.*, 875 F. Supp. 986, 1003 (E.D.N.Y. 1995) (permitting leave to replead where court could not "determine that the plaintiffs would not, under any circumstances, be able to allege a civil RICO conspiracy"). An opportunity to amend is not required, however, where "the problem with [the plaintiff's] causes of action is substantive" such that "better pleading will not cure it." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000); *see also Cortec Indus. Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir. 1991) ("Of course, where a plaintiff is unable to allege any fact sufficient to support its claim, a complaint should be dismissed with prejudice."). Stated differently, "[w]here it appears that granting leave to amend is unlikely to be productive, ... it is not an abuse of discretion to deny leave to amend." *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d

Cir. 1993); *accord Brown v. Peters*, No. 95-CV-1641, 1997 WL 599355, at *1 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.).

**\*10** In this case, it is possible that, with the inclusion of additional factual detail, plaintiff may be able to state a plausible section 1983 claim against all or some of the defendants. For that reason, I recommend that plaintiff be permitted to submit an amended complaint that cures the deficiencies identified in this report.

In the event that plaintiff chooses to file an amended complaint, he should note that the law in this circuit clearly provides that " 'complaints relying on the civil rights statutes are insufficient unless they contain some specific allegations of fact indicating a deprivation of rights, instead of a litany of general conclusions that shock but have no meaning.' " *Hunt v. Budd*, 895 F. Supp. 35, 38 (N.D.N.Y. 1995) (McAvoy, J.) (quoting *Barr v. Abrams*, 810 F.2d 358, 363 (2d Cir. 1987)); *accord Pourzandvakil v. Humphry*, No. 94-CV-1594, 1995 WL 316935, at *7 (N.D.N.Y. May 22, 1995) (Pooler, J.). Therefore, in any amended complaint, plaintiff must clearly set forth the facts that give rise to the claims, including the dates, times, and places of the alleged underlying acts, and committed each alleged wrongful act. In addition, the revised pleading should allege facts demonstrating the specific involvement of any of the named defendants in the constitutional deprivations alleged in sufficient detail to establish that they were tangibly connected to those deprivations. *Bass v. Jackson*, 790 F.2d 260, 263 (2d Cir. 1986). Finally, plaintiff is informed that any such amended complaint will replace the existing complaint, and must be a wholly integrated and complete pleading that does not rely upon or incorporate by reference any pleading or document previously filed with the court. *See Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir. 1994) ("It is well established that an amended complaint ordinarily supersedes the original, and renders it of no legal effect." (internal quotation marks omitted)).

III. SUMMARY, ORDER, AND RECOMMENDATION

Having reviewed plaintiff's amended request for leave to proceed without prepayment of fees, although I am skeptical of the information provided by plaintiff, I find that

his application demonstrates his entitlement to that status. Turning to the merits of plaintiff's complaint, however, and applying the standard set forth in 28 U.S.C. § 1915(e), I conclude that plaintiff's complaint fails to state a cognizable claim against any of defendants, with the exception of defendant Cowan. In deference to plaintiff's *pro se* status, I find that defendant Cowan should be directed to respond to the complaint insofar as it asserts a claim against him under the Fourth Amendment. Accordingly, it is hereby

ORDERED that plaintiff's application for leave to proceed in this action without prepayment of fees (Dkt. No. 2) is GRANTED; and it is further respectfully

RECOMMENDED that plaintiff's complaint in this action (Dkt. No. 1) be ACCEPTED for filing only with respect to plaintiff's Fourth Amendment claim against defendant Cowan, but that plaintiff's remaining claims, asserted against all other defendants named in this action be DISMISSED with leave to replead within thirty days of any decision and order adopting this report.

**\*11** NOTICE: Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report. Such objections must be filed with the clerk of the court within FOURTEEN days of service of this report. [11] FAILURE TO SO OBJECT TO THIS REPORT WILL PRECLUDE APPELLATE REVIEW. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72; *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993).

[11]   If you are proceeding *pro se* and are served with this order, report and recommendation by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the order, report and recommendation was mailed to you to serve and file objections. Fed. R. Civ. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. Fed. R. Civ. P. 6(a)(1)(C).

**All Citations**

Slip Copy, 2019 WL 2617901

---

**End of Document**                    © 2019 Thomson Reuters. No claim to original U.S. Government Works.

2019 WL 330591
Only the Westlaw citation is currently available.
United States District Court, N.D. New York.

Donald BUTLER, Plaintiff,

v.

GEICO GENERAL INSURANCE COMPANY,
Alfonto Ramos, and Marisol Nieves, Defendants.

Civ. No. 1:18-CV-1493 (GLS/DJS)

|

Signed 01/25/2019

**Attorneys and Law Firms**

DONALD BUTLER, Plaintiff, Pro Se, 1156 Madison
Avenue, 9C, Albany, NY 12208.

**REPORT-RECOMMENDATION and ORDER**

Daniel J. Stewart, U.S. Magistrate Judge

**\*1** The Clerk has sent for review a civil Complaint filed by
Plaintiff Donald Butler. Dkt. No. 1, Compl. Plaintiff has not
paid the filing fee, but instead submitted a Motion to Proceed
*in forma pauperis* ("IFP"). Dkt. No. 2, IFP App. By separate
Order, this Court granted Plaintiff's Application to Proceed
IFP. Now, in accordance with 28 U.S.C. §§ 1915(e), the Court
will *sua sponte* review the sufficiency of the Complaint.

## I. DISCUSSION

### A. Pleading Requirements

Section 1915(e) of Title 28 of the United States Code directs
that, when a plaintiff seeks to proceed *in forma pauperis,*
"the court shall dismiss the case at any time if the court
determines that ... the action or appeal (i) is frivolous or
malicious; (ii) fails to state a claim on which relief may be
granted; or (iii) seeks monetary relief against a defendant
who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).
Thus, it is a court's responsibility to determine that a plaintiff
may properly maintain his complaint before permitting him
to proceed further with his action.

In reviewing a *pro se* complaint, this Court has a duty to
show liberality toward *pro se* litigants, *see Nance v. Kelly,* 912
F.2d 605, 606 (2d Cir. 1990), and should exercise "extreme
caution ... in ordering *sua sponte* dismissal of a *pro se*
complaint *before* the adverse party has been served and both
parties (but particularly the plaintiff) have had an opportunity
to respond." *Anderson v. Coughlin,* 700 F.2d 37, 41 (2d Cir.
1983) (emphasis in original) (citations omitted). Therefore, a
court should not dismiss a complaint if the plaintiff has stated
"enough facts to state a claim to relief that is plausible on its
face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007).
"A claim has facial plausibility when the plaintiff pleads
factual content that allows the court to draw the reasonable
inference that the defendant is liable for the misconduct
alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (citing
*Bell Atl. Corp. v. Twombly,* 550 U.S. at 556). Although the
court should construe the factual allegations in the light most
favorable to the plaintiff, "the tenet that a court must accept
as true all of the allegations contained in a complaint is
inapplicable to legal conclusions." *Id.* "Threadbare recitals
of the elements of a cause of action, supported by mere
conclusory statements, do not suffice." *Id.* (citing *Bell Atl.
Corp. v. Twombly,* 550 U.S. at 555). "[W]here the well-
pleaded facts do not permit the court to infer more than the
mere possibility of misconduct, the complaint has alleged
– but it has not 'show[n]'–'that the pleader is entitled to
relief' " *Id.* at 679 (quoting FED. R. CIV. P. 8(a)(2) ). A
pleading that only "tenders naked assertions devoid of further
factual enhancement" will not suffice. *Id.* at 678 (further
citing *Bell Atl. Corp. v. Twombly,* 550 U.S. at 555, for the
proposition that Federal Rule of Civil Procedure 8 "demands
more than an unadorned, the-defendant-unlawfully-harmed-
me accusation"). Allegations that "are so vague as to fail
to give the defendants adequate notice of the claims against
them" are subject to dismissal. *Sheehy v. Brown,* 335 Fed.
Appx. 102, 104 (2d Cir. 2009).

### B. Allegations Contained in Plaintiff's Complaint

**\*2** The Complaint concerns a motor vehicle accident which
occurred in Albany, New York on November 9, 2018. *See
generally* Compl. Plaintiff alleges that on that date he was
driving in the City of Albany when Defendant Ramos
negligently crossed into Plaintiff's lane and struck his vehicle.
*Id.* at ¶ 9. The Complaint alleges that Ramos was driving a
car owned by Defendant Nieves. *Id.* at ¶ 6. Defendant Geico
Insurance Company is alleged to have insured the Nieves
vehicle. *Id.* at ¶ 7.

Plaintiff asserts negligence, negligent entrustment, "defamation negligent," and breach of contract claims. Compl. at ¶¶ 22-52. He seeks damages in the amount of $27,500. Compl. "Wherefore Clause."

### C. Sufficiency of the Pleading

"If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." FED. R. CIV. P. 12(h)(3). "Therefore, the Court's initial review under 28 U.S.C. § 1915(e) must include consideration of whether the court has subject matter jurisdiction over Plaintiff's claims." *Coon v. Burkly,* 2014 WL 1976669, at *7 (N.D.N.Y. May 15, 2014). Here, it is clear that the Court lacks jurisdiction over Plaintiff's claims and recommends that the Complaint be dismissed.

"Federal jurisdiction exists only when a 'federal question' is presented (28 U.S.C. § 1331), or where there is 'diversity of citizenship' and the amount in controversy exceeds $75,000 (28 U.S.C. § 1332)." *Dow v. M & T Bank,* 2016 WL 10835986, at *2 (N.D.N.Y. May 24, 2016), *report and recommendation adopted sub nom. Dow v. M & T Bank, Mortg. Co.,* 2018 WL 626292 (N.D.N.Y. Jan. 30, 2018) (citing *Perpetual Sec., Inc. v. Tang,* 290 F.3d 132, 136 (2d Cir. 2002); *Townsend v. L.T. Auto Transport, Inc.,* 2014 WL 1572801, at *3 (N.D.N.Y. Apr. 18, 2014) ).

"In order to invoke federal question jurisdiction, the plaintiff's claims must arise 'under the Constitution, laws, or treaties of the United States.' " *Morillo v. Trexx,* 2017 WL 6372569, at *3 (N.D.N.Y. Nov. 6, 2017), *report and recommendation adopted,* 2017 WL 6372780 (N.D.N.Y. Dec. 12, 2017) (quoting 28 U.S.C. § 1331). Plaintiff's Complaint involves a motor vehicle accident and asserts traditional state law tort and contract claims which do not give rise to federal question jurisdiction. *See, e.g., Passero v. Schulz,* 2018 WL 2926292, at *4 (N.D.N.Y. Feb. 1, 2018), *report and recommendation adopted sub nom. Passero v. Schultz,* 2018 WL 2926295 (N.D.N.Y. June 7, 2018) (negligence claims do not arise under federal law); *Williams v. Glinkenhouse,* 2012 WL 2367091, at *3 (E.D.N.Y. June 21, 2012) (breach of contract claim arises under state, not federal, law); *O'Connor v. Sears Holding Corp.,* 2006 WL 2355840, at *2 (E.D.N.Y. Aug. 14, 2006) (claim arising from automobile accident involving private citizens does not arise under federal law). Significantly, Plaintiff has not asserted a specific basis for

federal question jurisdiction, nor is one apparent from the pleadings. Rather, the allegations set forth in the Complaint are purely state law claims. Accordingly, no federal question jurisdiction exists.

Plaintiff also cannot establish diversity jurisdiction in this case. For diversity jurisdiction to exist, the amount in controversy must exceed $75,000 and must be between

(1) citizens of different States;

(2) citizens of a State and citizens or subjects of a foreign state;

(3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and

 **\*3**  (4) a foreign state, defined in section 1603(a) of this title, as plaintiff and citizens of a State or of different States.

28 U.S.C. § 1332(a).
"The party seeking to invoke diversity jurisdiction bears the burden of demonstrating the grounds for diversity exist and that diversity is complete." *Johnson v. Glob. Promotion & Pub. Corp.,* 2013 WL 828744, at *1 (E.D.N.Y. Mar. 6, 2013) (citing *Advani Enters. v. Underwriters at Lloyds,* 140 F.3d 157, 160 (2d Cir. 1998) ). "To have complete diversity, 'each plaintiff's citizenship must be different from the citizenship of each defendant.' " *Johnson v. Glob. Promotion & Pub. Corp.,* 2013 WL 828744, at *1 (E.D.N.Y. Mar. 6, 2013) (quoting *Hallingby v. Hallingby,* 574 F.3d 51, 56 (2d Cir. 2009) ).

Here, the Complaint specifically alleges that all parties are New York residents, Compl. at ¶¶ 1-4, and so there is clearly not complete diversity. *Chan Min Jeon v. Pavilion at Queens for Rehabilitation & Nursing,* 2017 WL 6622797, at *2 (E.D.N.Y. Nov. 22, 2017); *Bey v. Supreme Court of New York,* 2013 WL 2304101, at *2 (E.D.N.Y. May 24, 2013). Moreover, Plaintiff seeks only $27,500 in damages, Compl. "Wherefore Clause," below the statutory $75,000 threshold.

"Ordinarily, a court should not dismiss a complaint filed by a *pro se* litigant without granting leave to amend at least once 'when a liberal reading of the complaint gives any indication that a valid claim might be stated.' " *Bruce v. Tomkins Cty. Dep't of Soc. Servs. ex rel. Kephart,* 2015 WL 151029, at *4 (N.D.N.Y. Jan. 7, 2015) (quoting *Branum v. Clark,* 927 F.2d 698, 704-05 (2d Cir. 1991) ). Here, however, where the grounds for dismissal offer no basis for curing the defects in the pleading, dismissal with prejudice is appropriate. *Kunz v.*

*Brazill,* 2015 WL 792096, at *3 (N.D.N.Y. Feb. 25, 2015). Accordingly, I recommend that the Complaint be dismissed with prejudice.

## II. CONCLUSION

**WHEREFORE**, it is hereby

**RECOMMENDED**, that the Complaint be **DISMISSED with prejudice**; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14) days [1] within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette,* 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.,* 892 F.2d 15 (2d Cir. 1989) ); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).

[1]     If you are proceeding *pro se* and are served with this Report-Recommendation and Order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the Report-Recommendation and Order was mailed to you to serve and file objections. FED. R. CIV. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. FED. R. CIV. P. 6(a)(1)(C).

**All Citations**

Slip Copy, 2019 WL 330591

---

**End of Document**                    © 2019 Thomson Reuters. No claim to original U.S. Government Works.

2019 WL 652197
Only the Westlaw citation is currently available.
United States District Court, N.D. New York.

Donald BUTLER, Plaintiff,

v.

GEICO GENERAL INSURANCE
COMPANY et al., Defendants.

1:18-cv-1493 (GLS/DJS)
|
Signed 02/15/2019

**Attorneys and Law Firms**

FOR PLAINTIFF: DONALD BUTLER, Plaintiff, Pro Se,
1156 Madison Avenue, 9C, Albany, NY 12208.

## <u>ORDER</u>

Gary L. Sharpe, U.S. District Judge

 **\*1** The above-captioned matter comes to this court
following a Report-Recommendation and Order by
Magistrate Judge Daniel J. Stewart duly filed on January 25,
2019. (Dkt. No. 6.) Following fourteen days from the service
thereof, the Clerk has sent the file, including any and all
objections filed by the parties herein.

No objections having been filed, and the court having
reviewed the Report and Recommendation for clear error, it
is hereby

**ORDERED** that the Report-Recommendation and Order
(Dkt. No. 6) is **ADOPTED** in its entirety; and it is further

**ORDERED** that plaintiff's complaint is **DISMISSED with
prejudice**; and it is further

**ORDERED** that the Clerk is directed to close this case; and
it is further

**ORDERED** that the Clerk provide a copy of this Order to
plaintiff in accordance with the Local Rules.

**IT IS SO ORDERED.**

**All Citations**

Slip Copy, 2019 WL 652197

**End of Document** © 2019 Thomson Reuters. No claim to original U.S. Government Works.

2014 WL 6788202
Only the Westlaw citation is currently available.
United States District Court,
E.D. New York.

Marie L. BANKS, Plaintiff,

v.

MEDICAL SOCIETY OF the State of NEW
YORK; Dr. Clerisme Roosevelt; Hillside
Hospital; Nassau University Medical Center;
Kingsboro Psychiatric Center; Health
& Hospitals Corporation, Defendants.

No. 14–CV–4789 (JG)(VMS).
|
Signed Dec. 2, 2014.

**Attorneys and Law Firms**

Marie L. Banks, Brooklyn, NY, pro se.

*MEMORANDUM AND ORDER*

JOHN GLEESON, District Judge.

**\*1** On August 7, 2014, Banks filed this in forma pauperis action *pro se* against three hospitals, a physician, the Medical Society of the State of New York and New York City's Health and Hospitals Corporation. Plaintiff's request to proceed in forma pauperis pursuant to 28 U.S.C. § 1915 is granted solely for the purpose of this Order. The complaint is dismissed with leave to replead within thirty days as set forth below.

BACKGROUND

Plaintiff seeks three hundred million dollars in damages for "kidnapping and assault." Compl. 1. Plaintiff alleges that she was prescribed levothyroxine for her thyroid condition, and fluphenazine to treat her diagnosis of schizophrenia, which she took "involuntarily" and "for years" "in injectable form and in tablet." *Id.* at 2. She alleges that she developed a host of serious adverse reactions from the fluphenazine: severe heart conditions including congestive heart failure warranting the insertion of a pacemaker in January 2014; gastrointestinal problems including vomiting, severe constipation, persistent nausea; occasional bloody vaginal discharge; pseudoparkinsonism; blurry vision; pain in

her arm and leg; and "stiff neuroleptic condition." *Id.* Banks also includes attachments regarding fluphenazine. *See id.* at 6–13. Her claim, as best I can tell, is a products liability or medical malpractice tort claim for the prescription of a drug that proved harmful to her health.

DISCUSSION

A. *Standard of Review*

Under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an in forma pauperis action where it is satisfied that the action is: "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

To avoid dismissal, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). A claim will be considered plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).

A court must construe a *pro se* litigant's pleadings liberally, *Erickson v. Pardus,* 551 U.S. 89, 94, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007) (citation omitted); *Harris v. Mills,* 572 F.3d 66, 72 (2d Cir.2009) (citation omitted), and a *pro se* complaint should not be dismissed without granting the plaintiff leave to amend "at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Gomez v. USAA Fed. Sav. Bank,* 171 F.3d 794, 795 (2d Cir.1999) (citation omitted). Nevertheless, "a pro se plaintiff must still comply with the relevant rules of procedural and substantive law, including establishing that the court has subject matter jurisdiction over the action." *Wilber v. U.S. Postal Serv.,* No. 10–CV–3346 (ARR), 2010 WL 3036574, at \*1 (E.D.N.Y. Aug.2, 2010) (citations omitted).

B. *Subject Matter Jurisdiction*

**\*2** The plaintiff, even if proceeding *pro se,* must establish that the court has subject matter jurisdiction over the action. *Ally v. Sukkar,* 128 F. App'x 194, 195 (2d Cir.2005). Federal courts are courts of limited jurisdiction and may not preside over cases absent subject matter jurisdiction. *See Exxon Mobil Corp. v. Allapattah Services, Inc.,* 545 U.S. 546, 552, 125 S.Ct. 2611, 162 L.Ed.2d 502 (2005) (citation

omitted); *Frontera Resources Azerbaijan Corp. v. State Oil Co. of Azerbaijan Republic,* 582 F.3d 393, 397 (2d Cir.2009) (citation omitted). Federal jurisdiction is available when a federal question is presented, see 28 U.S.C. § 1331, or when the plaintiff and defendant are of diverse citizenship and the amount in controversy exceeds $75,000.00. *See* 28 U.S.C. § 1332.

The requirement of subject matter jurisdiction cannot be waived, see *United States v. Cotton,* 535 U.S. 625, 630, 122 S.Ct. 1781, 152 L.Ed.2d 860 (2002), and its absence may be raised at any time by a party or by the court sua sponte. *See Henderson ex rel. Henderson v. Shinseki,* 562 U.S. 428, 131 S.Ct. 1197, 1202, 179 L.Ed.2d 159 (2011) ("[F]ederal courts have an independent obligation to ensure that they do not exceed the scope of their jurisdiction, and therefore they must raise and decide jurisdictional questions that the parties either overlook or elect not to press.") (citation omitted). Where a court lacks subject matter jurisdiction, dismissal is mandatory. *See Arbaugh v. Y & H Corp.,* 546 U.S. 500, 514, 126 S.Ct. 1235, 163 L.Ed.2d 1097 (2006); *see also* Fed.R.Civ.P. 12(h)(3).

Plaintiff alleges that the Court has jurisdiction over her claim because she "is dying" and pursuant to a "civil right violation in mental medicine, assault, batteries, tort." Compl. 1. The Court may not exercise subject matter jurisdiction over the complaint as presently stated. Despite a liberal reading of the complaint, her claims regarding medical malpractice and products liability are based in state law. While she states she has experienced a "civil right violation," there is nothing to suggest that defendants violated plaintiff's constitutional rights [1] or violated any federal statute; nor is there diversity jurisdiction, since plaintiff and defendants both are residents of New York. *See* Compl. 3.

[1]    To the extent plaintiff may be seeking to raise a claim of forced administration of antipsychotics because she has alleged that a "patient cannot refuse care," and that she received fluphenazine "involuntarily" for years, see Complaint at 1–2, she should present such facts. As currently stated, I am unable to determine if Banks seeks to raise a claim that she was forcibly medicated with antipsychotic medication while involuntarily committed to an inpatient psychiatric facility or other facility in violation of her due process rights. Here, as presently stated, it seems that Banks unwillingly took the antipsychotic medication, not that she was forced to take medication against her will. *See generally Coleman v. State Supreme Court,* 697 F.Supp.2d 493, 503–511

(S.D.N.Y.2010) (denying constitutional claims of patient diagnosed as a paranoid schizophrenic who was placed in an outpatient treatment facility with a requirement to self-administer psychotropic drugs or to accept the administration of such drugs).

As currently stated, the complaint against defendants must be dismissed because plaintiff fails to state a claim that would confer jurisdiction upon this Court pursuant to its federal question or diversity jurisdiction. *Manway Constr. Co. Inc. v. Housing Authority of City of Hartford,* 711 F.2d 501, 503 (2d Cir.1983); *see also* Fed.R.Civ.P. 12(h)(3).

### C. Rule 8

Further, the complaint fails to comply with the dictates of Federal Rule of Civil Procedure 8. Pursuant to Rule 8 of the Federal Rules of Civil Procedure, plaintiff must provide a short, plain statement of claim against each defendant named so that they have adequate notice of the claims against them. *Iqbal,* 556 U.S. at 678 (Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation.") (citation omitted). Here, plaintiff names six defendants, but fails to provide facts connecting any of these defendants to a violation of plaintiff's federal rights. However, plaintiff is afforded thirty days to file an amended complaint in which she complies with Rule 8.

### D. Leave to Amend

**\*3** As currently stated, plaintiff has not satisfied the dictates of Federal Rule of Civil Procedure 8. Nor has she alleged a basis for the exercise of this Court's subject matter jurisdiction. However, in light of plaintiff=s *pro se* status, I grant her thirty days to amend her complaint in order to comply with the dictates of Rule 8. *See* Fed R. Civ. P. 15(a). *See also Davis v. Goord,* 320 F.3d 346, 352 (2d Cir.2003) ("Certainly the court should not dismiss without granting leave to amend at least once when a liberal reading of the [*pro se* ] complaint gives any indication that a valid claim might be stated."); *Cruz v. Gomez,* 202 F.3d 593, 597–98 (2d Cir.2000) (*pro se* plaintiff should afforded opportunity to amend complaint prior to dismissal). Should plaintiff file an amended complaint, she must satisfy the minimal filing requirements of Rule 8, providing the defendants with notice of the claims against them and a short, plain statement of the relevant facts supporting plaintiff's claim or claims. She must also allege a basis for this Court's subject matter jurisdiction.

CONCLUSION

Accordingly, the complaint filed in forma pauperis is dismissed for lack of subject matter jurisdiction. *See* Fed.R.Civ.P. 12(h)(3). Any state law claims are dismissed without prejudice. However, in an abundance of caution and in light of plaintiff's *pro se* status, plaintiff shall be afforded thirty days' leave to file an amended complaint against defendants. If plaintiff elects to file an amended complaint, the amended complaint must provide facts giving rise to her federal claims against the defendants and provide a basis for this Court's subject matter jurisdiction. It shall be submitted to the Court within thirty days of the date of this Order. The amended complaint shall completely replace the original complaint. No summons shall issue at this time and all further proceedings are stayed for thirty days for plaintiff to comply with this Order. If plaintiff fails to comply with this Order within the time allowed, judgment dismissing this action shall enter. Once submitted, the amended complaint will be reviewed for compliance with this Order and for sufficiency under Rule 8 and 28 U.S.C. § 1915(e)(2)(B). The Court certifies pursuant to pursuant to 28 U.S .C. § 1915(a) (3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is denied for purpose of an appeal. *See Coppedge v. United States,* 369 U.S. 438, 444–45, 82 S.Ct. 917, 8 L.Ed.2d 21 (1962).

So ordered.

**All Citations**

Not Reported in F.Supp.3d, 2014 WL 6788202

---

**End of Document**

© 2019 Thomson Reuters. No claim to original U.S. Government Works.

2012 WL 235523
Only the Westlaw citation is currently available.
United States District Court,
N.D. New York.

Loriann DEUEL and Lorraine Deuel, Plaintiffs,

v.

Frank T. DALTON; State of New York; New York
State Unified Court System; Philip J. Danaher, Esq.,
as the attorney appointed to act as Law Guardian
for BMD; Catherine Cholakis, as the presiding justice
of the Family Court assigned to this proceeding;
John & Jane Does 1–100, whose identities may or
may not be known but necessary parties to these
proceedings; ABC Corp's 1–100, those entities
whose identities are currently unknown, but
necessary parties to these proceedings, Defendants.

No. 1:11–CV–0637 (GTS/RFT).
|
Jan. 25, 2012.

**Attorneys and Law Firms**

Loriann and Lorraine Deuel, Unionville, TN, pro se.

### DECISION and ORDER

Hon. GLENN T. SUDDABY, District Judge.

**\*1** Currently before the Court, in this *pro se* civil
rights action filed by Loriann Deuel and Lorraine
Deuel ("Plaintiffs") against the above-captioned defendants
(together "Defendants"), are (1) United States Magistrate
Judge Randolph F. Treece's Report–Recommendation
recommending that Plaintiff's Complaint be dismissed, and
(2) Plaintiffs' Objections to that Report–Recommendation.
(Dkt.Nos.4, 5.) For the following reasons, the Report–
Recommendation is accepted and adopted, and Plaintiffs'
Complaint is dismissed.

## I. RELEVANT BACKGROUND

### A. Plaintiffs' Complaint
On June 8, 2011, Plaintiffs filed their Complaint in this
action. (Dkt. No. 1.) Generally, in their Complaint, Plaintiffs
allege that Defendants violated their constitutional right to

due process and equal protection under 42 U.S.C. § 1983
in connection with various custody proceedings involving
Plaintiff Loriann's minor child, BMD. (Dkt. No. 1 at 4.)

More specifically, construed with the utmost of special
liberality, Plaintiffs' Complaint asserts the following six
claims against Defendants: (1) Defendants New York
State Unified Court System and Cholakis violated, and/
or conspired to violate, Plaintiffs' due process rights under
the Fourteenth Amendment by, *inter alia,* improperly (a)
exercising jurisdiction over Plaintiffs during various custody
proceedings from 2002 to 2004, where no such jurisdiction
existed, (b) failing to notify her of various of those court
proceedings, (c) holding various of those proceedings in
her absence, and (d) awarding Defendant Dalton custody of
BMD, even though Defendant Dalton had not established
paternity; (2) Defendants New York State Unified Court
System and Cholakis violated, and/or conspired to violate,
Plaintiffs' equal protection rights under the Fourteenth
Amendment by denying Plaintiffs their parental and familial
rights; (3) Defendants New York State Unified Court
System, Cholakis and Danaher committed, and/or conspired
to commit, fraud against Plaintiffs; (4) Defendants New York
State Unified Court System, Cholakis and Danaher suborned,
and/or conspired to suborn, perjury by Defendant Dalton;
(5) Defendant Cholakis, New York State Family Court
Judge committed judicial misconduct against Plaintiffs; and
(6) Defendant Danaher committed professional misconduct
against Plaintiffs. (Dkt. No. 1 at 30–34.)

For a more detailed recitation of Plaintiffs' claims, and the
factual allegations giving rise to those claims, reference is
made to Plaintiffs' Complaint and Magistrate Judge Treece's
Report–Recommendation in their entireties. (Dkt.Nos.1, 4.)

### B. Magistrate Judge Treece's Report–
Recommendation
On July 19, 2011, Magistrate Judge Treece issued a Report–
Recommendation recommending that Plaintiffs' Complaint
be dismissed for the following reasons: (1) the Court lacks
subject-matter jurisdiction over domestic relations matters,
including those related to child custody; (2) Plaintiffs' claims
are barred by the applicable statute of limitations; and (3)
Plaintiff has failed to state a claim upon which relief can be
granted pursuant to 28 U.S.C. § 1915(e)(2). (*See generally*
Dkt. No. 4.)

### C. Plaintiffs' Objections to the Report–Recommendation

**\*2** On August 1, 2011, Plaintiffs filed their Objections to the Report–Recommendation. (Dkt. No. 5.) Generally, liberally construed, Plaintiffs' Objections argue that Magistrate Judge Treece made the following errors: (1) the Court does have subject-matter jurisdiction in this case because the relief requested does not require the Court to "become enmeshed in factual disputes" (Dkt. No. 5 at 3); (2) Plaintiffs have stated a claim under 42 U.S.C. § 1983 because they have adequately alleged Defendants Dalton and Danaher are state actors (Dkt. No. 5 at 4); and (3) the action is not barred by the applicable statute of limitations because the state court "matter has been ongoing for the past seven years." (Dkt. No. 5 at 4.)

In addition, in their Objections, Plaintiffs seek leave to file an Amended Complaint, which Plaintiffs purport would do the following: (1) remove Defendant Cholakis from this action "pursuant to judicial immunity statutes"; (2) "remove the habeas corpus request"; and (3) include recent civil rights violations in an effort "to clear up misunderstandings regarding jurisdiction, timeliness, and the statement of claims." (Dkt. No. 5 at 6.)

## II. RELEVANT LEGAL STANDARDS

### A. Standard of Review Governing a Report–Recommendation

When a specific objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to a *de novo* review. Fed.R.Civ.P. 72(b)(2); 28 U.S.C. § 636(b)(1)(C). To be "specific," the objection must, with particularity, "identify [1] the portions of the proposed findings, recommendations, or report to which it has an objection and [2] the basis for the objection." N.D.N.Y. L.R. 72.1(c). [1] When performing such a *de novo* review, the Court "may ... receive further evidence...." 28 U.S.C. § 636(b) (1). However, a district court will ordinarily refuse to consider evidentiary material that could have been, but was not, presented to the magistrate judge in the first instance. [2]

[1] *See also Mario v. P & C Food Markets, Inc.,* 313 F.3d 758, 766 (2d Cir.2002) ("Although Mario filed objections to the magistrate's report and recommendation, the statement with respect to his Title VII claim was not specific enough to preserve this claim for review. The only reference made to the Title VII claim was one sentence on the last page of his objections, where he stated that it was error to deny his motion on the Title VII claim '[f]or the reasons set forth in Plaintiff's Memorandum of Law in Support of Motion for Partial Summary Judgment.' This bare statement, devoid of any reference to specific findings or recommendations to which he objected and why, and unsupported by legal authority, was not sufficient to preserve the Title VII claim.").

[2] *See Paddington Partners v. Bouchard,* 34 F.3d 1132, 1137–38 (2d Cir.1994) ("In objecting to a magistrate's report before the district court, a party has no right to present further testimony when it offers no justification for not offering the testimony at the hearing before the magistrate.") [internal quotation marks and citations omitted]; *Pan Am. World Airways, Inc. v. Int'l Bhd. of Teamsters,* 894 F.2d 36, 40, n. 3 (2d Cir.1990) (district court did not abuse its discretion in denying plaintiff's request to present additional testimony where plaintiff "offered no justification for not offering the testimony at the hearing before the magistrate"); *cf. U.S. v. Raddatz,* 447 U.S. 667, 676, n. 3, 100 S.Ct. 2406, 65 L.Ed.2d 424 (1980) ("We conclude that to construe § 636(b)(1) to require the district court to conduct a second hearing whenever either party objected to the magistrate's credibility findings would largely frustrate the plain object of Congress to alleviate the increasing congestion of litigation in the district courts."); Fed.R.Civ.P. 72(b), Advisory Committee Notes: 1983 Addition ("The term 'de novo' does not indicate that a secondary evidentiary hearing is required.").

When only a general objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to only a clear error review. Fed.R.Civ.P. 72(b)(2) and (3); Fed.R.Civ.P. 72(b), Advisory Committee Notes: 1983 Addition. [3] Similarly, when an objection merely reiterates the same arguments made by the objecting party in its original papers submitted to the magistrate judge, the Court subjects that portion of the report-recommendation to a clear error review. [4] Finally, when a party makes no objection to a portion of a report-recommendation, the Court reviews that portion for clear error. Fed.R.Civ.P. 72(b), Advisory Committee Notes: 1983 Addition. [5]

[3] *See also Brown v. Peters,* 95–CV–1641, 1997 WL 599355, at \*2–3 (N.D.N.Y. Sept.22, 1997) (Pooler, J.) [collecting cases], *aff'd without opinion,* 175 F.3d 1007 (2d Cir.1999); *Vargas v. Keane,* 93–CV–7852, 1994 WL

693885, at *1 (S.D.N.Y. Dec.12, 1994) ("[Petitioner's] general objection [that a] Report ... [did not] redress the constitutional violations [experienced by petitioner] ... is a general plea that the Report not be adopted ... [and] cannot be treated as an objection within the meaning of 28 U.S.C. § 636."), *aff'd,* 86 F.3d 1273 (2d Cir.), *cert. denied,* 519 U.S. 895, 117 S.Ct. 240, 136 L.Ed.2d 169 (1996).

4   *See Mario,* 313 F.3d at 766 ("Merely referring the court to previously filed papers or arguments does not constitute an adequate objection under either Fed.R.Civ.P. 72(b) or Local Civil Rule 72.3(a)(3)."); *Camardo v. Gen. Motors Hourly–Rate Emp. Pension Plan,* 806 F.Supp. 380, 382 (W.D.N.Y.1992) (explaining that court need not consider objections that merely constitute a "rehashing" of the same arguments and positions taken in original papers submitted by the magistrate judge); *accord, Praileau v. Cnty. of Schenectady,* 09–CV–0924, 2010 WL 3761902, at *1, n. 1 (N.D.N.Y. Sept. 20, 2010 (McAvoy, J.); *Hickman ex rel. M.A.H. v. Astrue,* 07–CV–1077, 2010 WL 2985968, at *3 & n. 3 (N.D.N.Y. July 27, 2010) (Mordue, C.J.); *Almonte v. N.Y.S. Div. of Parole,* 04–CV–0484, 2006 WL 149024, at *4 (N.D.N.Y. Jan.18, 2006) (Sharpe, J.).

5   *See also Batista v. Walker,* 94–CV–2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) ("I am permitted to adopt those sections of [a magistrate judge's] report to which no specific objection is made, so long as those sections are not facially erroneous." [internal quotations marks omitted.] ).

After conducting the appropriate review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b) (1)(C).

## B. Legal Authority for Reviewing a Complaint *Sua Sponte*

**\*3** Under the circumstances, the Court's authority to *sua sponte* review Plaintiffs' Complaint stems from three separate sources. (1) Fed.R.Civ.P. 12(h)(3), which provides that "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss that action"; (2) 28 U.S.C. § 1915(e)(2) (B), which provides that, when a plaintiff seeks to proceed *in forma pauperis,* "the court shall dismiss the case at any time if the court determines that—... the action (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief"; and (3) the Court's inherent power to manage its docket.

With regard to the second of the three above-described authorities, the Court notes that the dismissal of an action as barred by the applicable statute of limitation may fall within the ambit of the Court's power to dismiss a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e).[6] In addition, the dismissal of an action as duplicative has been found to fall within the ambit of the Court's power to dismiss a complaint which is frivolous or malicious pursuant to 28 U.S.C. § 1915(e).[7]

6   *See Pino v. Ryan,* 49 F.3d 51, 54 (2d Cir.1995) ("Nothing ... suggests that an affirmative defense appearing on the face of a complaint may not be the basis for a *sua sponte* dismissal under section 1915(d) [section 1915(e) as amended] prior to service of te complaint."); *accord, Pratts v. Coombe,* 49 F. App'x 392, 393 (2d Cir.2003).

7   *See Bailey v. Johnson,* 846 F.2d 1019, 1021 (5th Cir.1988) (holding that a complaint that repeats pending or previously litigated claims "may be considered abusive" and dismissed under the authority of Section 1915[e] ); *Buckenberger v. Reed,* 10–CV–0856, 2010 WL 1552672, at *1 (E.D.La. Mar.16, 2010) (recommending dismissal of complaint asserting claims which were duplicative of those in a pending action as "malicious"); *Smith v. Ferrell,* 09–CV–0466, 2010 WL 653798, at *2–3 (S.D.Ala. Feb.18, 2010) (dismissing action because claims were duplicative of those in another pending action); *Williams v. Bunn,* 06–CV–0466, 2007 WL 1703816, at *2 (W.D.N.Y. Jun.7, 2007) (dismissing "religious claim" with prejudice because it was "repetitive of a claim twice brought previously and dismissed for plaintiff's failure to serve); *Hahn v. Tarnow,* 06–CV–12814, 2006 WL 2160934, at *1 (E.D.Mich. July 31, 2006) (dismissing complaint as "repetitive, malicious and frivolous, and duplicative"); *Blake v. Bentsen,* 95–CV–2227, 1995 WL 428694, at *2 (E.D.N.Y. Jul.11, 1995) (dismissing "repetitious litigation" as abusive and malicious); *Denton v. Hernandez,* 504 U.S. 25, 30, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992) (recognizing Congress's concern in 28 U.S.C. § 1915 that "a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.").

With regard to the third of the three above-described authorities, it is well settled that a district court has the power to *sua sponte* dismiss *pro se* complaint based on frivolousness. *See, e.g., Fitzgerald v. First E. Seventh St.*

*Tenants Corp.,* 221 F.3d 362, 363 (2d Cir.2000) (recognizing that district court has power to *sua sponte* dismiss *pro se* complaint based on frivolousness notwithstanding fact that plaintiff has paid statutory filing fee). It is also is well settled that "[a]s part of its general power to administer its docket, a district court may stay or dismiss a suit that is duplicative of another federal court suit." *Curtis v. Citibank, N.A.,* 226 F.3d 133, 138 (2d Cir.2000); *see also Colo. River Water Conservation Dist. v. United States,* 424 U.S. 800, 817, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976) ("As between federal district courts, ... though no precise rule has evolved, the general principle is to avoid duplicative litigation."). The power to dismiss a duplicative lawsuit is meant to foster judicial economy and the "comprehensive disposition of litigation." *Kerotest Mfg. Co. v. C–O–Two Fire Equip. Co.,* 342 U.S. 180, 183, 72 S.Ct. 219, 96 L.Ed. 200 (1952).[8] The doctrine is also meant to protect parties from "the vexation of concurrent litigation over the same subject matter." *Adam v. Jacob,* 950 F.2d 89, 93 (2d Cir.1991) .[9]

[8]    The Second Circuit affirmed the dismissal of an action which "substantially duplicate[d]" the conspiracy claim asserted in a prior action, notwithstanding the fact that the the conspiracy claim in the first action was dismissed as insufficiently pleaded and plaintiff was afforded an opportunity to amend, because "[plaintiff's] recourse is to appeal that decision after judgment is entered in that case, not to file a duplicative second complaint." *Brown v. Plansky,* 24 F. App'x 26, 28 (2d Cir.2001).

[9]    The rule against duplicative litigation is distinct from, but related to, the doctrine of claim preclusion or *res judicata,* and the two doctrines serve some of the same policies. As the Supreme Court stated more than 100 years ago in *United States v. The Haytian Republic,* 154 U.S. 118, 14 S.Ct. 992, 38 L.Ed. 930 (1894), "[T]he true test of the sufficiency of a plea of 'other suit pending' in another forum [i]s the legal efficacy of the first suit, when finally disposed of, as 'the thing adjudged,' regarding the matters at issue in the second suit." *Id.* at 124.

### C. Legal Standard Governing Dismissal Based on Lack of Subject–Matter Jurisdiction

Magistrate Judge Treece correctly recited the legal standard governing a dismissal based on lack of subject-matter jurisdiction in his Report–Recommendation. (Dkt. No. 4 at 2–3.) As a result, that standard is incorporated herein by reference in this Decision and Order.

### D. Legal Standard Governing Dismissal Based on Expiration of Statute of Limitations

**\*4** Magistrate Judge Treece correctly recited the legal standard governing a dismissal based on the expiration of the relevant statute of limitations in his Report–Recommendation. (Dkt. No. 4 at 3–4.) As a result, that standard is incorporated herein by reference in this Decision and Order.

### E. Legal Standard Governing Dismissal Based on Failure to State a Claim

It has long been understood that a dismissal for failure to state a claim upon which relief can be granted, pursuant to Fed.R.Civ.P. 12(b)(6), can be based on one or both of two grounds: (1) a challenge to the "sufficiency of the pleading" under Fed.R.Civ.P. 8(a)(2); or (2) a challenge to the legal cognizability of the claim. *Jackson v. Onondaga Cnty.,* 549 F.Supp.2d 204, 211, nn. 15–16 (N.D.N.Y.2008) (McAvoy, J., adopting Report–Recommendation on *de novo* review).

Because Plaintiffs' Complaint is dismissed based on the first ground, a few words regarding that ground are appropriate. Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that a pleading contain "a *short and plain* statement of the claim *showing* that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2) [emphasis added]. In the Court's view, this tension between permitting a "short and plain statement" and requiring that the statement "show[ ]" an entitlement to relief is often at the heart of misunderstandings that occur regarding the pleading standard established by Fed.R.Civ.P. 8(a)(2).

On the one hand, the Supreme Court has long characterized the "short and plain" pleading standard under Fed.R.Civ.P. 8(a)(2) as "simplified" and "liberal." *Jackson,* 549 F.Supp.2d at 212, n. 20 (citing Supreme Court case). On the other hand, the Supreme Court has held that, by requiring the above-described "showing," the pleading standard under Fed.R.Civ.P. 8(a)(2) requires that the pleading contain a statement that "give[s] the defendant *fair notice* of what the plaintiff's claim is and the grounds upon which it rests." *Jackson,* 549 F.Supp.2d at 212, n .17 (citing Supreme Court cases) (emphasis added).

The Supreme Court has explained that such *fair notice* has the important purpose of "enabl[ing] the adverse party to answer and prepare for trial" and "facilitat[ing] a proper decision on the merits" by the court. *Jackson,* 549 F.Supp.2d

at 212, n. 18 (citing Supreme Court cases); *Rusyniak v. Gensini,* 629 F.Supp.2d 203, 213 & n. 32 (N.D.N.Y.2009) (Suddaby, J.) (citing Second Circuit cases). For this reason, as one commentator has correctly observed, the "liberal" notice pleading standard "has its limits." 2 *Moore's Federal Practice* § 12.34[1][b] at 12–61 (3d ed.2003). For example, numerous Supreme Court and Second Circuit decisions exist holding that a pleading has failed to meet the "liberal" notice pleading standard. *Rusyniak,* 629 F. Supp .2d at 213, n. 22 (citing Supreme Court and Second Circuit cases); *see also Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937, 1949–52, 173 L.Ed.2d 868 (2009).

**\*5** Most notably, in *Bell Atlantic Corp. v. Twombly,* the Supreme Court reversed an appellate decision holding that a complaint had stated an actionable antitrust claim under 15 U.S.C. § 1. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). In doing so, the Court "retire[d]" the famous statement by the Court in *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957), that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Twombly,* 127 S.Ct. at 1968–69. Rather than turn on the *conceivability* of an actionable claim, the Court clarified, the "fair notice" standard turns on the *plausibility* of an actionable claim. *Id.* at 1965–74. The Court explained that, while this does not mean that a pleading need "set out in detail the facts upon which [the claim is based]," it does mean that the pleading must contain at least "some factual allegation[s]." *Id .* at 1965. More specifically, the "[f]actual allegations must be enough to raise a right to relief above the speculative level [to a plausible level]," assuming (of course) that all the allegations in the complaint are true. *Id.*

As for the nature of what is "plausible," the Supreme Court explained that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). "[D]etermining whether a complaint states a plausible claim for relief ... [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.... [W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not show[n]-that the pleader is entitled to relief." *Iqbal,* 129 S.Ct. at 1950 [internal quotation marks and citations omitted]. However, while the plausibility standard

"asks for more than a sheer possibility that a defendant has acted unlawfully," *id.,* it "does not impose a probability requirement." *Twombly,* 550 U.S. at 556.

Because of this requirement of factual allegations plausibly suggesting an entitlement to relief, "the tenet that a court must accept as true all of the allegations contained in the complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by merely conclusory statements, do not suffice." *Iqbal,* 129 S.Ct. at 1949. Similarly, a pleading that only "tenders naked assertions devoid of further factual enhancement" will not suffice. *Iqbal,* 129 S.Ct. at 1949 (internal citations and alterations omitted). Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (citations omitted).

**\*6** This pleading standard applies even to *pro se* litigants. While the special leniency afforded to *pro se* civil rights litigants somewhat loosens the procedural rules governing the form of pleadings (as the Second Circuit has observed), it does not completely relieve a *pro se* plaintiff of the duty to satisfy the pleading standards set forth in Fed.R.Civ.P. 8, 10 and 12.[10] Rather, as both the Supreme Court and Second Circuit have repeatedly recognized, the requirements set forth in Fed.R.Civ.P. 8, 10 and 12 are procedural rules that even *pro se* civil rights plaintiffs must follow.[11] Stated more simply, when a plaintiff is proceeding *pro se,* "all normal rules of pleading are not absolutely suspended." *Jackson,* 549 F.Supp.2d at 214, n. 28 [citations omitted].[12]

[10]     *See Vega v. Artus,* 610 F.Supp.2d 185, 196 & nn. 8–9 (N.D.N.Y.2009) (Suddaby, J.) (citing Second Circuit cases); *Rusyniak,* 629 F.Supp.2d at 214 & n. 34 (citing Second Circuit cases).

[11]     *See Vega,* 610 F.Supp.2d at 196, n. 10 (citing Supreme Court and Second Circuit cases); *Rusyniak,* 629 F.Supp.2d at 214 & n. 34 (citing Second Circuit cases).

[12]     It should be emphasized that Fed.R.Civ.P. 8's plausibility standard, explained in *Twombly,* was in no way retracted or diminished by the Supreme Court's decision (two weeks later) in *Erickson v. Pardus,* in which (when reviewing a *pro se* pleading) the Court stated, *"Specific facts are not necessary"* to successfully state a claim under Fed.R.Civ.P. 8(a)(2). *Erickson v. Pardus,* 551 U.S. 89, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007) [emphasis added]. That statement was merely an abbreviation of the often-repeated point of law— first offered in *Conley* and repeated in *Twombly*—that

a pleading need not "set out *in detail* the facts upon which [the claim is based]" in order to successfully state a claim. *Twombly,* 127 S.Ct. 1965, n. 3 (citing *Conley,* 355 U.S. at 47) [emphasis added]. That statement did not mean that all pleadings may achieve the requirement of "fair notice" without ever alleging any facts whatsoever. Clearly, there must still be enough fact set out (however set out, whether in detail or in a generalized fashion) to raise a right to relief above the speculative level to a plausible level. *See Rusyniak,* 629 F.Supp.2d at 214 & n. 35 (explaining holding in *Erickson* ).

### F. Legal Standard Governing Dismissal Based on Duplicative Nature of Action

Although no precise test has been articulated for determining whether actions are duplicative, "the general rule is that a suit is duplicative of another suit if the parties, issues and available relief do not significantly differ between the two actions." *I.A. Durbin, Inc. v. Jefferson Nat. Bank,* 793 F.2d 1541, 1551 (11th Cir.1986). "Courts generally look to the identity of the parties, legal claims, factual allegations including temporal circumstances, and the relief sought to determine if the complaint is repetitive or malicious." *Hahn,* 2006 WL 2160934, at *3.

It is worth noting that district courts have broad discretion in determining whether an action should be dismissed as duplicative. *Lopez v. Ferguson,* 361 F. App'x 225, 226 (2d Cir.2010) (affirming dismissal of action as duplicative of a pending class action as to which plaintiff fell within the certified class). [13] There are several approaches to the proper disposition of duplicative actions, including stay of the second action, dismissal without prejudice, and consolidation. *Curtis,* 226 F.3d at 138. In addition, "simple dismissal of the second suit is another common disposition because plaintiffs have no right to maintain two actions on the same subject in the same court, against the same defendant at the same time." *Id.* at 138–39. [14]

[13] *See also Flemming v. Wurzberger,* 322 F. App'x 69, 71 (2d Cir.2009); *Curtis,* 226 F.3d at 138.

[14] *See also Zerilli v. Evening News Ass'n,* 628 F.2d 217, 222 (D.C.Cir.1980); *Walton v. Eaton Corp.,* 563 F.2d 66, 70 (3d Cir.1977) (*en banc* ).

### G. Legal Standard Governing Dismissal Based on Doctrines of Res Judicata and/or Collateral Estoppel

Claim preclusion, also sometimes referenced to as res judicata, requires that a final judgment of an action on

the merits be given preclusive effect, barring parties, as well as those in privity with them, from relitigating claims which were or could have been raised in the prior action. *Marvel Characters, Inc. v. Simon,* 310 F.3d 280, 286–87 (2d Cir.2002); *see also Fay v. South Colonie Cent. Sch. Dist.,* 802 F.2d 21, 28 (2d Cir.1986) (citing *Federated Dep't Stores v. Moitie,* 452 U.S. 394, 398 [1981] ), *overruled on other grounds, Taylor v. Vermont Dep't of Educ.,* 313 F.3d 768 (2d Cir.2002).

Issue preclusion, a more narrow doctrine often referred to as collateral estoppel, bars a party that has had a full and fair opportunity to litigate an issue of fact or law from relitigating the same issue once it has been actually and necessarily decided against that party or its privy. *McKithen v. Brown,* 481 F.3d 89, 105 (2d Cir.2007); *Marvel,* 310 F.3d at 288–89.

## III. ANALYSIS

**\*7** As stated above in Part I.C. of this Decision and Order, Plaintiffs' Objections argue that Magistrate Judge Treece made the following errors: (1) the Court does have subject-matter jurisdiction in this case because the relief requested does not require the Court to "become enmeshed in factual disputes" (Dkt. No. 5 at 3); (2) Plaintiffs, indeed, stated a claim under 42 U.S.C. § 1983 because they have adequately alleged Defendants Dalton and Danaher are state actors (Dkt. No. 5 at 4); and (3) the action is not time-barred because the state court "matter has been ongoing for the past seven years." (Dkt. No. 5 at 4.)

In accordance with N.D.N.Y. L.R. 72.1(c), the Court finds the first and second objections are specific in nature because Plaintiffs identified the portions of Magistrate Judge Treece's Report–Recommendation to which they object with particularity, and Plaintiffs cited (albeit improper) legal authority in an effort to support their objections. (*See generally* Dkt. No. 5.) As a result, the Court subjects those portions of Magistrate Judge Treece's Report–Recommendation to which Plaintiffs object to a *de novo* review. Fed.R.Civ.P. 72(b)(2); 28 U.S.C. § 636(b)(1) (C).

Plaintiffs' third objection, however, is only general in nature. Although Plaintiffs specifically identify the portion of the Report–Recommendation to which they object, they fail to provide any legal basis for the objection. (*See generally* Dkt. No. 5 at 4–6 .) As a result, the Court reviews that portion of Magistrate Judge Treece's Report–Recommendation to which Plaintiffs object for only clear error. Fed.R.Civ.P. 72(b)(2); 28 U.S.C. § 636(b)(1)(C).

After carefully subjecting Magistrate Judge Treece's Report–Recommendation to the appropriate level of review, the Court finds no error in the Report–Recommendation. Magistrate Judge Treece employed the proper standards, accurately recited the facts, and reasonably applied the law to those facts. As a result, the Report–Recommendation is accepted and adopted in its entirety for the reasons stated therein. The court would add only five brief points.

First, those portions of Magistrate Judge Treece's Report–Recommendation that the Court has reviewed only for clear error (e.g., the holding that Plaintiffs' claims are barred by the statute of limitations) would survive even a *de novo* review.

Second, Plaintiff's argument that the Court need not "become enmeshed in factual disputes" (and thus it does have subject-matter jurisdiction in this case) is without merit for several reasons. For example, to determine whether Plaintiffs' due process rights were violated, the Court would inevitably have to engage in a factual inquiry regarding the custodial placement of BMD with Defendant Dalton. The Court might, for example, need to evaluate the same facts the state court did in making its custody determination in the first place. Doing so, however, would violate the general rule that domestic relations matters are primarily matters for state courts.

**\*8** Third, Plaintiffs' action appears largely duplicative of two previously filed actions: (1) *Deuel v. Dalton,* 06–CV–0234, Complaint (M.D. Tenn. filed March 23, 2006); and (2) *Deuel v. Dalton,* 11–CV–0466, Complaint (M.D. Tenn. filed May 16, 2011). While the first of these two actions appears to have been dismissed only without prejudice,[15] the second of these two actions is still pending in the Middle District of Tennessee-contributing to the waste of judicial resources, and running the risk of inconsistent rulings and preclusion by collateral estoppel.[16] The Court notes that in May 20011 an Order was issued in the second action, referring the case to a magistrate judge for a review of whether the action is frivolous. *Deuel v. Dalton,* 11–CV–0466, Order (M.D. Tenn. filed May 18, 2011) (Trauger, J.). As a result, this action is dismissed based also on this alternative ground.

[15]   *Deuel v. Dalton,* 06–CV–0234, Memorandum and Order (M.D. Tenn. filed August 15, 2006) (Trauger, J.). *See also Hernandez v. Conriv Realty Assocs.,* 182 F.3d 121, 123 (2d Cir.1999) ("[W]here a court lacks subject matter jurisdiction, it also lacks the power to dismiss with prejudice.").

[16]   For example, both the second action and the action before this Court present claims against Frank Dalton, John and Jane Does 1–100, and ABC Corp's 1–100, for violation of the Due Process and Equal Protection Clauses of the Fourteenth Amendment (as well as fraud and conspiracy), arising from, *inter alia,* the unfavorable rulings Plaintiff Loriann Deuel received in child-custody proceedings in New York State court from 2002 to 2004 due to the alleged misconduct of Dalton, Family Court Judge Catherine Cholakis and Law Guardian Phillip J. Danaher. *See Deuel v. Dalton,* 11–CV–0466, Complaint, at 4–5, 9–12, 15–18, 30–32 (M.D. Tenn. filed May 16, 2011).

Fourth, Plaintiffs' claims against New York State Unified Court System and Cholakis are barred by the Eleventh Amendment and the doctrine of absolute immunity.[17] Similarly, Plaintiffs' claims against Defendant Danaher are barred by the doctrine of qualified immunity (if not also the doctrine of absolute immunity). Moreover, Plaintiffs' Complaint does not allege facts plausibly suggesting that Defendant Dalton is a state actor for purposes of 42 U.S.C. § 1983. Furthermore, Plaintiffs' Complaint does not allege facts plausibly suggesting the personal involvement of Defendants John and Jane Does 1–100 and ABC Corp's 1–100 in any of the violations alleged. (*See generally* Dkt. No. 1.) Finally, Plaintiffs' Complaint does not allege facts plausibly suggesting that Plaintiff Lorraine Deuel has standing to assert any claims in this action (or even that she bears any familial or custodial relationship to BMD). (*Id.*)[18] Simply stated, additional pleading defects plague Plaintiffs' claims against each of the Defendants in this action, as well as each of the claims asserted by Plaintiff Lorraine Deuel. As a result, this action is dismissed based also on this alternative ground.

[17]   The Court notes that, in their Objections and Complaint, Plaintiffs' acknowledge that (1) their claims against Defendant Cholakis are barred by the doctrine of absolute immunity, and (2) their claims against Defendant New York State Unified Court System are based on their claims against Defendant Cholakis (pursuant to the doctrine of respondeat superior). (Dkt. No. 5, at 6; Dkt. No. 1, at 31.)

[18]   The Court notes that Plaintiffs' argument in their Objections that Lorraine Deuel was a party to "a recent appellate decision" is simply not sufficient to state the claims in question. (Dkt. No. 5, at 6.)

Fifth, and finally, Plaintiffs' request for leave to amend their Complaint is denied because the numerous pleading defects in

Plaintiff's Complaint are substantive rather than formal.[19] As a result, the Court sees no need to *sua sponte* grant Plaintiffs leave to amend those claims before it dismisses them.[20]

[19] For example, lack of subject-matter jurisdiction and the expiration of the statute of limitations are substantive defects. See *U.S. ex rel. Phipps v. Comprehensive Comty. Dev. Corp.,* 152 F.Supp.2d 443, 455 (S.D.N.Y.2001) ("[I]t is not appropriate to grant Phipps's request [for leave to amend the Complaint] because the Court has determined that it does not have subject matter jurisdiction over this action."); *Chan v. Reno,* 916 F.Supp. 1289, 1302 (S.D.N.Y.1996) ("An amendment is considered futile if the amended pleading fails to state a claim or would be subject to a successful motion to dismiss on some other basis. As will be discussed herein, [the proposed amended complaint] ... presents a non-justiciable claim and fails to present this Court with subject matter jurisdiction. Therefore, because [the proposed amended complaint] would be subject to a successful motion to dismiss ..., amendment would be futile."); *Grace v. Rosenstock,* 228 F.3d 40, 53 (2d Cir.2000) ( "Amendment would likely be futile if ... the claims the plaintiff sought to add would be barred by the applicable statute of limitations."); *accord, In re WorldCom, Inc. Securities Litigation,* 303 F.Supp.2d 385, 390 (S.D.N.Y.2004).

[20] See *Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962) (finding that denial of leave to amend is not abuse of discretion where amendment would be futile); *Ruffolo v. Oppenheimer & Co.,* 987 F.2d 129, 131 (2d Cir.1993) ("Where it appears that granting leave to amend is unlikely to be productive, ... it is not an abuse of discretion to deny leave to amend.")

(citations omitted); *Cuoco v. Moritsugu,* 222 F.3d 99, 112 (2d Cir.2000) ("The problem with Cuoco's causes of action is substantive; better pleading will not cure it. Repleading would thus be futile. Such a futile request to replead should be denied.") (citation omitted); *Cortec Indus., Inc. v. Sum Holding L.P.,* 949 F.2d 42, 48 (2d Cir.1991) ("Of course, where a plaintiff is unable to allege any fact sufficient to support its claim, a complaint should be dismissed with prejudice.") (citation omitted); *Health–Chem Corp. v. Baker,* 915 F.2d 805, 810 (2d Cir.1990) ("[W]here ... there is no merit in the proposed amendments, leave to amend should be denied"); *Brown v. Peters,* 95–CV–1641, 1997 WL 599355, at *1 (N.D.N.Y. Sept.22, 1997) (Pooler, J.) ("[T]he court need not grant leave to amend where it appears that amendment would prove to be unproductive or futile.").

**ACCORDINGLY,** it is

**ORDERED** that Magistrate Judge Treece's Report–Recommendation (Dkt. No. 4) is ***ACCEPTED*** and ***ADOPTED*** in its entirety; and it is further

**ORDERED** that Plaintiffs' Complaint (Dkt. No. 1) is ***DISMISSED*** in its entirety.

*The Court certifies, for purposes of 28 U.S.C. § 1915(a)(3), that any appeal taken from this Decision and Order would not be taken in good faith.*

**All Citations**

Not Reported in F.Supp.2d, 2012 WL 235523

---

2019 WL 1934419
Only the Westlaw citation is currently available.
United States District Court, N.D. New York.

Susan A. SCOTT, Plaintiff,

v.

MULLOLLY, JEFFERY, ROONEY,
& FLYNN LLP, Defendant.

8:19-CV-488 (TJM/CFH)

|

Signed 05/01/2019

**Attorneys and Law Firms**

Susan A. Scott, 21 Guy Way, Apt. 1, Plattsburgh, New York
12901, Plaintiff pro se.

### REPORT-RECOMMENDATION & ORDER

Christian F. Hummel, U.S. Magistrate Judge

### I. In Forma Pauperis

**\*1** Plaintiff pro se Susan A. Scott commenced this action
on April 25, 2019 with the filing of a Complaint and, in lieu
of paying this Court's filing fee, an application to proceed
in forma pauperis ("IFP"). Dkt. No. 1 ("Compl."), 2. After
reviewing plaintiff's application, the undersigned concludes
that plaintiff may properly proceed IFP for purposes of
filing. The undersigned must now assess plaintiff's complaint
pursuant to 28 U.S.C. § 1915(e). [1]

[1]      Plaintiff is advised that, despite being granted IFP status,
she will still be required to pay any costs or fees
she incurs in this matter, including, but not limited to,
copying fees, transcript fees, and witness fees.

### II. Initial Review

### A. Legal Standard

Section 1915(e) of Title 28 of the United States Code directs
that, when a plaintiff seeks to proceed IFP, "the court shall
dismiss the case at any time if the court determines that ... the
action or appeal (i) is frivolous or malicious; (ii) fails to state a

claim on which relief may be granted; or (iii) seeks monetary
relief against a defendant who is immune from such relief." 28
U.S.C. § 1915(e)(2)(B). Thus, it is a court's responsibility to
determine that a plaintiff may properly maintain his complaint
before permitting him to proceed with his action.

Pleading guidelines are set forth in the Federal Rules of
Civil Procedure. Specifically, Rule 8 provides that a pleading
which sets forth a claim for relief shall contain, inter alia,
"a short and plain statement of the claim showing that the
pleader is entitled to relief." See FED. R. CIV. P. 8(a)(2).
"The purpose ... is to give fair notice of the claim being
asserted so as to permit the adverse party the opportunity to
file a responsive answer, prepare an adequate defense and
determine whether the doctrine of res judicata is applicable."
Flores v. Graphtex, 189 F.R.D. 54, 54 (N.D.N.Y. 1999)
(internal quotation marks and citations omitted). Rule 8 also
requires the pleading to include:

> (1) a short and plain statement of the grounds for the court's
> jurisdiction ...;
>
> (2) a short and plain statement of the claim showing that
> the pleader is entitled to relief; and
>
> (3) a demand for the relief sought....

FED. R. CIV. P. 8(a). Although "[n]o technical form is
required," the Federal Rules make clear that each allegation
contained in the pleading "must be simple, concise, and
direct." Id. at 8(d).

Further, Rule 10 of the Federal Rules provides in pertinent
part that:

> [a] party must state its claims or
> defenses in numbered paragraphs,
> each limited as far as practicable to
> a single set of circumstances. A later
> pleading may refer by number to
> a paragraph in an earlier pleading.
> If doing so would promote clarity,
> each claim founded on a separate
> transaction or occurrence – and each
> defense other than a denial – must be
> stated in a separate count or defense.

FED. R. CIV. P. 10(b). This serves the purpose of "provid[ing] an easy mode of identification for referring to a particular paragraph in a prior pleading[.]" Flores, 189 F.R.D. at 54 (internal quotation marks and citations omitted).

**\*2** In deciding whether a complaint states a colorable claim, a court must extend a measure of deference to pro se litigants, Nance v. Kelly, 912 F.2d 605, 606 (2d Cir. 1990) (per curiam), also referred to as "special solicitude." Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006). However, the court also has an obligation to determine that a claim is not legally frivolous before permitting a pro se plaintiff's complaint to proceed. See, e.g., Fitzgerald v. First East Seventh St. Tenants Corp., 221 F.3d 362, 363 (2d Cir. 2000). A complaint that fails to comply with the pleading requirements "presents far too a heavy burden in terms of defendants' duty to shape a comprehensive defense and provides no meaningful basis for the Court to assess the sufficiency of their claims." Gonzales v. Wing, 167 F.R.D. 352, 355 (N.D.N.Y. 1996). As the Second Circuit has held, "[w]hen a complaint does not comply with the requirement that it be short and plain, the court has the power, on its own initiative ... to dismiss the complaint." Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988) (citations omitted). However, "[d]ismissal ... is usually reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." Id. (citations omitted). In such cases of dismissal, particularly when reviewing a pro se complaint, the court generally affords the plaintiff an opportunity amend the complaint as long as there is a possibility that an amendment would be able to cure the identified defects. See Simmons v. Abruzzo, 49 F.3d 83, 86-87 (2d Cir. 1995). A court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted).

**B. Allegations in Complaint**

Plaintiff argues that defendant "caused me to have the inability to keep deposited student loans in my bank account for graduate work" because defendant placed a "restraining notice in the amount of $ 20,954.35 on my account ... for a default judgment from 2012." Compl. at 4. Plaintiff states that she was unaware of the 2012 default judgment and had not been provided "general information about [her] rights as a consumer, information about the debt, information regarding the statute of limitations." Id. Plaintiff further argues that the frozen bank account "also contains exempt funds of weekly unemployment deposits of $ 246 and my New York State Retirement check of $ 1370.19." Id. Plaintiff contends that she has no other income or assets, and the hold on her account has caused her stress and hardship, as well as an inability to pay for her Master's Degree program. Id. Plaintiff demands "a total monetary amount of $ 225,954.35." Id. at 5.

**C. Review of Complaint**

Plaintiff's complaint must be dismissed because plaintiff has failed to demonstrate that this Court has jurisdiction. Federal courts are courts of limited jurisdiction and may not preside over cases absent subject matter jurisdiction. Exxon Mobil Corp. v. Allapattah Services, Inc., 545 U.S. 546, 552 (2005). Federal jurisdiction is only available when a "federal question" is presented, 28 U.S.C. § 1331, or the plaintiff and defendant are of diverse citizenship and the amount in controversy exceeds $ 75,000. 28 U.S.C. § 1332. When a court lacks subject matter jurisdiction, dismissal is mandatory. Arbaugh v. Y & H Corp., 546 U.S. 500, 514 (2006). Therefore, although courts "construe a pro se litigant's complaint liberally, a plaintiff attempting to bring a case in federal court must still comply with the relevant rules of procedural and substantive law, including establishing that the court has subject matter jurisdiction over the action." Ally v. Sukkar, 128 F. App'x 194, 195 (2d Cir. 2005) (summary order) (internal citation omitted).

Here, based on plaintiff's complaint, the Court has neither federal question jurisdiction nor diversity jurisdiction. First, to invoke federal question jurisdiction, the plaintiff's claims must arise "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "Federal question jurisdiction may properly be invoked only if the plaintiff's complaint necessarily draws into question the interpretation or application of federal law." New York v. White, 528 F.2d 336, 338 (2d Cir. 1975). The allegations in plaintiff's complaint do not cite any federal authority as the basis for her claims, and the federal nature of plaintiff's claims is not otherwise apparent, nor can it be reasonably inferred from the allegations in the complaint. Further, there is no diversity jurisdiction because, although plaintiff contends that amount

in controversy is more than $ 75,000, both plaintiff and defendant are citizens of New York, which precludes a finding of diversity jurisdiction. 28 U.S.C. § 1332(a).

**\*3** Plaintiff's complaint indicates that her claims arise under 42 U.S.C. § 1983 and is a "[c]ivil action for deprivation of rights." Compl. at 3. However, plaintiff's complaint fails to demonstrate that her sole named defendant, Mullolly, Jeffery, Rooney, & Flynn LLP acted under color of state law. Section 1983 provides, in part:

> [e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured....

42 U.S.C. § 1983. To set forth a cause of action under section 1983, a plaintiff must demonstrate that the alleged conduct was (1) "committed by a person acting under color of state law;" and (2) "deprived [the plaintiff] of rights, privileges, or immunities secured by the Constitution or laws of the United States." Cornejo v. Bell, 592 F.3d 121, 127 (2d Cir. 2010) (quoting Pitchell v. Callan, 13 F.3d 545, 547 (2d Cir. 1994) (internal quotation marks omitted)). "The purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails." Wyatt v. Cole, 504 U.S. 158, 161 (1992).

The Supreme Court of the United States has found that "the under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 50 (1999) (citation and internal quotation marks omitted). Therefore, a plaintiff must establish that the defendant was either a state actor or a private party acting under color of state law. See Ciambriello v. Cnty. of Nassau, 292 F.3d 307, 323 (2d Cir. 2002); see also United States v. Int'l Broth. of Teamsters, Chauffeurs, Warehousemen & Helpers of Am., 941 F.2d 1292, 1295-96 (2d Cir. 1991) ("Because the United States Constitution regulates only the Government, not private parties, a litigant claiming that his constitutional rights have been violated must first establish that the challenged conduct

constitutes 'state action.' "). A private party engages in state action when they are found to be a "willful participant in joint activity with the State or its agents." Adickes v. S.H. Kress & Co., 398 U.S. 144, 152 (1970) (citing United States v. Price, 383 U.S. 787, 794 (1966)). "Conduct that is ostensibly private can be fairly attributed to the state only if there is such a close nexus between the State and the challenged action that seemingly private behavior may be fairly treated as that of the State itself." White v. Moylan, 554 F. Supp. 2d 263, 267 (D. Conn. 2008) (citation omitted).

Here, no reasonable reading of the complaint results in a conclusion that defendant was a state actor or acted under the color of state law when it allegedly froze assets in plaintiff's Key Bank account. Thus, plaintiff has failed to demonstrate that section 1983 is applicable to her complaint. She identifies no other federal law, treaty, or constitutional provision under which her claim could arise. Having concluded that the complaint fails to establish that this Court has subject matter jurisdiction over plaintiff's complaint, the case must be dismissed. As the undersigned finds that plaintiff has failed to demonstrate this Court's subject matter jurisdiction, and can identify no federal statue or constitutional provision under which her claims may arise, the undersigned recommends dismissal with prejudice. Although, given plaintiff's pro se status, the Court would recommend that she be given an opportunity to amend prior to an outright dismissal, Cuoco, 222 F.3d at 112, an opportunity to amend is not required where "the problem with [the plaintiff's] causes of action is substantive" such that "better pleading will not cure it." Id.; see lso Arbaugh v. Y & H Corp., 546 U.S. 500, 514 (2006) (stating that, when a court lacks subject matter jurisdiction, dismissal is mandatory). Thus, as lack of subject matter jurisdiction is a substantive defect, the undersigned recommends dismissal with prejudice and without leave to amend. Butler v. Geico General Ins. Co., 1:18-CV-1493 (GLS/DJS), 2019 W L 330591, at \*3 (N.D.N.Y. Jan. 25, 2019); Deuel v. Dalton, No. 1:11-CV-0637 (GTS/RFT), 2012 WL 235523, at \*8 n.19. (N.D.N.Y. Jan. 25, 2012).[2] However, it is recommended that the dismissal be without prejudice to plaintiff seeking to bring an action in state court, should she wish to do so.[3]

[2]     The Court has provided copies of unpublished decisions cited within this Report-Recommendation & Order to plaintiff.

[3]     The undersigned does not reach whether plaintiff will be able to successfully commence an action in state court.

## III. Conclusion

**\*4** **WHEREFORE**, it is hereby

**ORDERED**, that plaintiff's in forma pauperis (dkt. no. 2) is **GRANTED** for purposes of filing only; and it is

**RECOMMENDED**, that plaintiff's complaint (dkt. no. 1) be **DISMISSED with prejudice and without opportunity to amend** upon initial review under 28 U.S.C. § 1915(e), but without prejudice to her commencing an action in state court; and it is

**ORDERED**, that the Clerk of the Court serve this Report-Recommendation & Order on plaintiff in accordance with Local Rules.

**IT IS SO ORDERED.**

Pursuant to 28 U.S.C. § 636(b)(1), plaintiff has FOURTEEN (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW. Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993) (citing Small v. Sec'y of Health and Human Servs., 892 F.2d 15 (2d Cir. 1989)); see also 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a). [4]

[4]      If you are proceeding pro se and are served with this Report-Recommendation & Order by mail, three (3) additional days will be added to the fourteen (14) day period, meaning that you have seventeen (17) days from the date the Report-Recommendation & Order was mailed to you to serve and file objections. FED. R. CIV. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. Id. § 6(a)(1)(c).

## All Citations

Slip Copy, 2019 WL 1934419

---

**End of Document**      © 2019 Thomson Reuters. No claim to original U.S. Government Works.

2019 WL 3890995
Only the Westlaw citation is currently available.
United States District Court, N.D. New York.

Susan A. SCOTT, Plaintiff,
v.
MULLOLLY, JEFFREY, ROONEY,
& FLYNN, LLP, Defendant.

8:19-CV-488 (TJM/CFH)
|
Signed 08/19/2019

**Attorneys and Law Firms**

Susan A. Scott, Plattsburgh, NY, pro se.

### DECISION & ORDER

[Thomas J. McAvoy, Sr.](#) U.S. District Judge

 **\*1** The Court referred this *pro se* civil action, brought pursuant to [42 U.S.C. § 1983,](#) to Magistrate Judge Christian F. Hummell for a Report-Recommendation pursuant to [28 U.S.C. § 636(b)](#) and Local Rule 72.3(c). Plaintiff alleges that the Defendant placed a lien on her bank account. The lien stemmed from a 2012 default judgment of which Plaintiff was unaware. The lien froze Plaintiff's bank account and all of her assets, including her student loans, and caused her considerable hardship, including an inability to pay for her Master's Degree program.

Magistrate Judge Hummell's Report-Recommendation, dkt. # 4, issued on May 1, 2019, provided Plaintiff's Complaint, filed *pro se* along with a motion to proceed *in forma pauperis*, an initial review pursuant to [28 U.S.C. §§ 1915(e)](#) and [1915A.](#) Magistrate Judge Hummell recommends that the Court dismiss Plaintiff's Complaint with prejudice to filing an Amended Complaint but without prejudice to filing an action in state court. Magistrate Hummell finds that Plaintiff cannot allege a [Section 1983](#) claim because Defendant is not a state actor. Plaintiff alleges purely private conduct and [Section 1983](#) cannot provide the Court jurisdiction in this matter.

Plaintiff did not object to the Report-Recommendation, and the time for such objections has passed. After examining the record, this Court has determined that the Report-Recommendation is not subject to attack for plain error or manifest injustice and the Court will accept and adopt the Report-Recommendation for the reasons stated therein.

Accordingly,

The Report-Recommendation of Magistrate Hummell, dkt. # 4, is hereby **ACCEPTED** and **ADOPTED**. Plaintiff's Complaint is hereby **DISMISSED WITH PREJUDICE AND WITHOUT OPPORTUNITY TO AMEND**. The Court's dismissal is without prejudice to Plaintiff filing an appropriate action in state court. The Clerk of Court is directed to **CLOSE** the case.

**IT IS SO ORDERED.**

**All Citations**

Slip Copy, 2019 WL 3890995

© 2019 Thomson Reuters. No claim to original U.S. Government Works.

2012 WL 2803616
Only the Westlaw citation is currently available.
NOT FOR PUBLICATION
United States District Court,
E.D. New York.

Marie L. BANKS, Plaintiff,
v.
George CONSTANTINE; Dr. Peter Kalcanis;
Orthopedic Group North Shore LIJ;
and the City of New York, Defendants.

No. 12–CV–3239 (JG)(RER).
|
July 10, 2012.

**Attorneys and Law Firms**

Marie L. Banks, Brooklyn, NY, pro se.

*MEMORANDUM AND ORDER*

JOHN GLEESON, District Judge.

**\*1** Plaintiff Marie L. Banks commenced this *pro se* action on June 27, 2012, seeking leave to proceed *in forma pauperis*. I grant her request to proceed *in forma pauperis* solely for the purpose of this Order and dismiss the complaint for the reasons set forth below.

BACKGROUND

Banks's complaint involves two slip-and-fall accidents, first on September 11, 2010, and then on March 27, 2012. Banks appears to allege medical and legal malpractice arising from her attempts to obtain medical treatment and legal representation in connection with these accidents. *See* Compl. p. 2, ECF No. 1. In addition, as her "Statement of Claim," Banks sets forth the following: "surgical assault, Medical Fraud, conspiracy, Civil Rights, Tortures, Malpractice of lawyer, sign of Government Benefits to pay Notorious Team of Medical Fraud with 20 years of experience & more." *Id.* at 1, ¶ III.

DISCUSSION

A. *Standard of Review*

Under 28 U.S.C.1915(e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

To avoid dismissal, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). A claim will be considered plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009).

Moreover, a plaintiff must establish that the court has subject matter jurisdiction over the action. *See, e.g., Rene v. Citibank NA,* 32 F.Supp.2d 539, 542 (E.D.N.Y.1999); *see also Arbaugh v. Y & H Corp.,* 546 U.S. 500, 514, 126 S.Ct. 1235, 163 L.Ed.2d 1097 (2006). The subject matter jurisdiction of the federal courts is limited. Federal jurisdiction is available when a "federal question" is presented, 28 U.S.C. § 1331, or when the plaintiff and defendants are of diverse citizenship and the amount in controversy exceeds $75,000, *id.* § 1332(a). If a federal court "determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed.R.Civ.P. 12(h)(3); *see also Arbaugh,* 546 U.S. at 514.

A court must construe a *pro se* litigant's pleadings liberally, *Erickson v. Pardus,* 551 U.S. 89, 94, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007); *Harris v. Mills,* 572 F.3d 66, 72 (2d Cir.2009), and a *pro se* complaint should not be dismissed without granting the plaintiff leave to amend "at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated," *Gomez v. USAA Fed. Sav. Bank,* 171 F.3d 794, 795 (2d Cir.1999) (internal quotation marks and citation omitted). Nevertheless, "a pro se plaintiff must still comply with the relevant rules of procedural and substantive law, including establishing that the court has subject matter jurisdiction over the action." *Wilber v. U.S. Postal Serv.,* No. 10–CV–3346 (ARR), 2010 WL 3036754, at \*1 (E.D.N.Y. Aug.2, 2010) (internal quotation marks and citations omitted).

B. *Analysis*

**\*2** Banks's claims alleging medical malpractice and legal malpractice must be dismissed for lack of subject matter

jurisdiction. Banks does not allege any facts that would support diversity jurisdiction and these claims arise under state law, not federal law. *See, e.g ., Ryan v. Ajami,* No. 02–CV–4019, 2002 WL 31890050, at *3 (S.D.N.Y. Dec.30, 2002) (legal malpractice); *Obunugafor v. Borchert,* No. 01–CV–3125 (WK), 2001 WL 1255929, at *2 (S.D.N.Y. Oct.19, 2001) (medical malpractice). The complaint's conclusory references to medical fraud, conspiracy, civil rights, torture and government benefits are insufficient to establish federal subject-matter jurisdiction. *See, e.g., Novikova v. IRS,* No. 04–CV–5324 (DLI) (LB), 2007 WL 2891301, at *9 (E.D.N.Y. Sept. 28, 2007).

The claims against the City of New York must also be dismissed for lack of subject-matter jurisdiction. Any negligence claim against the City of New York in connection with Banks's slip-and-fall accidents does not arise under federal law. *See, e.g., Cnty. of Sacramento v. Lewis,* 523 U.S. 833, 849, 118 S.Ct. 1708, 140 L.Ed.2d 1043 (1998); *Daniels v. Williams,* 474 U.S. 327, 328, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986).

Because the defects in subject-matter jurisdiction do not appear to be curable, the complaint is dismissed

without leave to amend. *See, e.g., U.S. ex rel. Phipps v. Comprehensive Cmty. Dev. Corp.,* 152 F.Supp.2d 443, 455–56 (S.D.N.Y.2001); *see also Ruffolo v. Oppenheimer & Co.,* 987 F.2d 129, 131 (2d Cir.1993) ("Where it appears that granting leave to amend is unlikely to be productive, ... it is not an abuse of discretion to deny leave to amend.").

CONCLUSION

For the reasons stated above, the Court dismisses the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States,* 369 U.S. 438, 444–45, 82 S.Ct. 917, 8 L.Ed.2d 21 (1962). The Clerk of Court is respectfully directed to enter judgment and close the case.

So ordered.

**All Citations**

Not Reported in F.Supp.2d, 2012 WL 2803616

---

**End of Document** © 2019 Thomson Reuters. No claim to original U.S. Government Works.

2019 WL 2616954
Only the Westlaw citation
is currently available.
United States District
Court, N.D. New York.

Cedric PARTEE a/k/a Webb, Plaintiff,
v.
The CITY OF SYRACUSE,
et al., Defendants

Civil Action No. 5:19-
CV-0417 (TJM/DEP)
|
Signed 06/26/2019

**Attorneys and Law Firms**

Cedric Partee, Liverpool, NY, pro se.

### DECISION & ORDER

THOMAS J. McAVOY, Senior United States
District Judge

### I. INTRODUCTION

 **\*1**  This *pro se* action brought pursuant
to 42 U.S.C. § 1983 was referred to the
Hon. David E. Peebles, Chief United States
Magistrate Judge. In his May 23, 2019 Order,
Report, and Recommendation [Dkt. No. 6],
Magistrate Judge Peebles recommends that
plaintiff's complaint [Dkt. No. 1] be accepted
for filing only with respect to plaintiff's Fourth
Amendment claim against defendant Cowan,
but that plaintiff's remaining claims, asserted
against all other defendants named in this
action, be dismissed with leave to replead
within thirty days of any decision adopting the
report. Plaintiff did not file objections to the
Order, Report, and Recommendation, and the
time to do so has expired.

### II. DISCUSSION

After examining the record, this Court has
determined that the Order, Report, and
Recommendation is not subject to attack for
plain error or manifest injustice.

### III. CONCLUSION

Accordingly, the Court **ACCEPTS and
ADOPTS** the Order, Report, and
Recommendation [Dkt. No. 6] for the reasons
stated therein. Thus, it is hereby

**ORDERED** that plaintiff's complaint [Dkt.
No. 1] is **accepted for filing only with
respect to plaintiff's Fourth Amendment
claim against defendant Cowan.** Plaintiff's
remaining claims, asserted against all other
defendants named in this action, are
**DISMISSED with leave to replead** by filing
an amended complaint **within thirty (30) days
of this Decision and Order**.

Plaintiff is advised that an amended complaint
**supersedes in all respects** the prior pleading.
Therefore, if plaintiff files an amended
complaint, he **must properly allege in the
amended complaint all factual bases for all
claims asserted therein, and the amended
complaint must be in compliance with Rules
8 and 10 of the Federal Rules of Civil
Procedure.**

**IT IS SO ORDERED.**

## All Citations

Slip Copy, 2019 WL 2616954

---

 © 2019 Thomson Reuters. No claim to original U.S. Government Works.